723 So.2d 45 (1998)
Ex parte P&H CONSTRUCTION COMPANY, INC.
(In re Norman Barber et al. v. State of Alabama et al.; and
Ben Jernigan
v.
State of Alabama et al.).
1971319
Supreme Court of Alabama.
November 6, 1998.
*46 Jannea S. Rogers and Carroll H. Sullivan of Clark, Scott & Sullivan, P.C., Mobile, for petitioner P&H Construction Company, Inc.
Jerry L. Wiedler, Montgomery; Jim R. Ippolito, Jr., chief counsel, Alabama Department of Transportation; and R. Mitchell Alton III and Stacy S. Houston, counsel, Alabama Department of Transportation, for the State of Alabama.
Herndon Inge III and John W. Parker, Mobile, for respondents Wharfhouse Restaurant and Oyster Bar, Inc., and Ben Jernigan.
Tabor R. Novak, Jr., and E. Hamilton Wilson, Jr., of Ball, Ball, Matthews & Novak, P.A., Montgomery, for respondent McInnis Corporation.
LYONS, Justice.
P&H Construction Company, Inc. ("P&H"), petitions for a writ of mandamus directing Judge William Gordon of the Montgomery Circuit Court to enter an order dismissing P&H as a third-party defendant from two cases pending in the circuit court. For the reasons discussed below, we grant the petition.
The underlying litigation arose when Norman Barber and Brenda Barber, in one action, and Ben Jernigan, in another action, sued the State of Alabama and McInnis Corporation ("McInnis"), a company performing on a contract with the State. The Barbers and Jernigan, in the two separate actions, claimed that the State and McInnis had damaged their property while constructing the Dog River Bridge in Mobile County. The Barbers and Jernigan alleged that McInnis had negligently or wantonly damaged their property when it drove the piles for the bridge.[1] Because McInnis had subcontracted the pile-driving operation for the bridge construction to P&H, McInnis filed a third-party complaint against P&H, seeking contractual indemnity. Neither the Barbers nor Jernigan sued P&H.
Each defendant moved for a summary judgment. P&H directed its motion against the Barbers' claims, Jernigan's claims, and McInnis's third-party complaint.[2] The trial court entered a summary judgment in favor of the State, McInnis, and P&H on the Barbers' claims and Jernigan's claims and entered a summary judgment in favor of P&H on McInnis's third-party claim. The Barbers and Jernigan appealed from the summary judgment entered against them. However, McInnis did not appeal the summary judgment entered against it on its third-party complaint.
On appeal, this Court affirmed in part and reversed in part the summary judgments on the Barbers' claims and Jernigan's claims and remanded the case to the trial court. Barber v. State, 703 So.2d 314 (Ala. 1997) ("Barber I"). This Court concluded: "[T]here was insufficient evidence to submit the negligence and wantonness claims to a jury, to the extent that those claims were based on damage that may have been done to the property by the pile-driving operations *47 performed by the subcontractor. The undisputed evidence indicates that the pile-driving operations conformed to generally accepted pile-driving practices." Id. at 323.
On remand, P&H participated in the scheduling conference and in court-ordered, nonbinding mediation. Several months later, at a pretrial hearing, P&H filed a "motion to declare it a nonparty."[3] The trial court denied P&H's motion, stating that McInnis's claims against P&H, other than claims related to pile driving, were viable. P&H then moved to stay the trial and filed this petition for the writ of mandamus.
A writ of mandamus is an extraordinary remedy, and it will be "issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte United Service Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A petition for the writ of mandamus is a proper means for seeking appellate review of a trial court's order denying a motion to dismiss a complaint. Ex parte Alabama Dep't of Forensic Sciences, 709 So.2d 455 (Ala.1997).
P&H argues that it has a clear legal right to dismissal because, it argues, the trial court's summary judgment entered against McInnis on McInnis's third-party complaint was a final judgment from which McInnis did not appeal. However, McInnis argues that because this Court remanded Barber I to the trial court, this Court intended to exercise an appellate court's "discretionary power to retain all parties in the lawsuit [on] remand ... to insure an equitable resolution at trial." Bryant v. Technical Research Co., 654 F.2d 1337, 1342 (9th Cir.1981). P&H counters with the argument that this Court never had appellate jurisdiction over McInnis's third-party complaint because McInnis did not file a notice of appeal. McInnis contends that the Alabama Rules of Appellate Procedure do not require a third-party plaintiff to file a "protective, conditional or provisional appeal in order to preserve its right [to a derivative claim] against a third-party defendant." McInnis says that the timely filing of a notice of a protective cross-appeal is not jurisdictional but is a "rule of practice" that can be waived or suspended in certain circumstances.
The issue whether a third-party plaintiff is required to file an appeal in order to protect its claim of derivative liability is one of first impression in Alabama. However, we are not completely without controlling authority. This Court has held that a timely notice of appeal is a mandatory jurisdictional act. Holmes v. Powell, 363 So.2d 760, 761 (Ala.1978); see, also, Committee Comments to Rule 3, Ala. R. App. P. ("[t]imely filing of the notice of appeal is a jurisdictional act"). Rule 4(a)(1), Ala. R. App. P., sets the time allowed for filing a notice of appeal, in any appeal by right and from a final judgment, at 42 days. Rule 4(a)(2), Ala. R. App. P., provides an additional 14 days after the date of the filing of a notice of appeal for the filing of a notice of a cross-appeal. Furthermore, we consider persuasive those federal cases construing Rules 3 and 4 of the Federal Rules of Appellate Procedure, which are very similar to Rules 3 and 4 of the Alabama Rules. We find the decision of the United States Court of Appeals for the Seventh Circuit in Young Radiator Co. v. Celotex Corp., 881 F.2d 1408 (7th Cir.1989), to be especially persuasive. Young Radiator involved facts and issues very similar to those presented to us in the instant case.
Young Radiator sued Celotex, the manufacturer of the roofing system on Young Radiator's building, based on damage resulting from a leaky roof. 881 F.2d at 1409. Seeking contribution, Celotex sued, as third-party defendants, the architect, the general contractor, and the roofing subcontractor who had worked on the roofing system. Id. at *48 1409-10. Celotex and the third-party defendants moved for a summary judgment; the trial court entered a summary judgment in favor of Celotex on Young Radiator's claims and against Celotex on the third-party defendants' claims. Id. Young Radiator timely filed a notice of appeal from the summary judgment entered against it; however, Celotex did not file a notice of a cross-appeal from the summary judgment entered against it and in favor of the third-party defendants. Id.
The Seventh Circuit addressed the issue "whether, in the absence of a Rule 4(a)(3)[4] notice of appeal, Celotex may challenge the judgment entered for the third-party defendants." 881 F.2d at 1415. The Seventh Circuit first noted that a split of authority existed over the question whether filing a notice of a cross-appeal was a mandatory, jurisdictional act or was a rule of practice. The court then followed the United States Supreme Court's decision in Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), holding that the requirements of Rules 3 and 4, Fed. R. App. P., are mandatory and jurisdictional.[5] Accordingly, the Seventh Circuit held that Celotex's failure to file a notice of cross-appeal could not be disregarded.
Like the United States Supreme Court, this Court has treated the filing of a notice of appeal as a mandatory jurisdictional act. Holmes, supra, 363 So.2d at 761. Therefore, we adopt the Seventh Circuit's rationale and hold that a timely filing of a notice of a cross-appeal to protect one's rights is a mandatory jurisdictional act and not a rule of practice. This rule applies not only in cases involving derivative liability, but also in any case where a cross-appeal is necessary to protect a party's rights. However, we are not here presented with the consequences of filing a defective notice. The Committee Comments to Rule 3, Ala. R. App. P., suggest that the action, if any, taken on a defective notice of appeal is within the appellate court's discretion:
"Failure of an appellant to take any step other than the timely filing of a notice of appeal with the clerk of the trial court does not affect the validity of the appeal, but is ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal."
Applying our holding to this case, we conclude that when the Barbers and Jernigan filed their appeal in Barber I McInnis was required to file a notice of a cross-appeal in order to protect its claim of derivative liability against P&H. Absent that notice of a cross-appeal, the trial court's judgment in favor of P&H could not be disturbed. Accordingly, the trial court erred in setting aside its judgment entered in favor of P&H and in holding that McInnis could assert claims for indemnity from P&H.[6]
McInnis argues that even if it should have cross-appealed from the judgment entered against it, the trial court, upon remand, *49 had the authority to alter or amend the judgment under Rule 60(b), Ala. R. Civ. P. However, Rule 60(b) requires that a party move for relief from a judgment, and does not provide for sua sponte relief by the trial court.[7] McInnis did not move for relief under Rule 60(b). Therefore, the trial court could not have granted relief on that basis from its judgment.
McInnis also requests leave from this Court to file with the trial court a Rule 60(b) motion for relief from the judgment. Because we are granting P&H's petition, this request is moot. Furthermore, to the extent this motion is based upon McInnis's failure to file a timely notice of a protective cross-appeal, we note that Rule 60(b) relief cannot be a substitute for an appeal. See Harper Plastics, Inc. v. Replex Corp., 382 So.2d 556, 557 (Ala.1980).
We conclude that McInnis's failure to timely appeal from the summary judgment entered against it and in favor of P&H required that that judgment be enforced. Accordingly, P&H has a clear legal right to be dismissed as a third-party defendant, and the trial court had a duty to order that dismissal. Because the trial court refused to enforce its judgment, we grant P&H's petition for the writ of mandamus. Judge Gordon is directed to dismiss P&H as a defendant on McInnis's third-party claim.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, and SEE, JJ., concur.
COOK, J., concurs in the result.
NOTES
[1] For a complete list of the allegations against the State and McInnis, see the opinion on the previous appeal in this case. Barber v. State, 703 So.2d 314 (Ala.1997).
[2] P&H says that it challenged the Barbers' claims and Jernigan's claims, even though they had not sued it, because their claim regarding the pile driving affected McInnis's third-party claim.
[3] Because the Alabama Rules of Civil Procedure do not provide for a "motion to declare a nonparty," we treat P&H's motion as one to dismiss under the "law of the case." "Under the doctrine of the `law of the case,' whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case." Blumberg v. Touche Ross & Co., 514 So.2d 922, 924 (Ala. 1987).
[4] Rule 4(a)(3), Fed. R. App. P., like Rule 4(a)(2), Ala. R. App. P., provides the time limits for a cross-appeal.
[5] In Torres, a notice of appeal was filed on behalf of 16 plaintiffs. 487 U.S. at 313, 108 S.Ct. 2405. Because of a clerical error, one of the plaintiffs was omitted from the notice of appeal. Id. The Supreme Court held that this omission could not be waived, because Rules 3 and 4, Fed. R. App. P., are mandatory and jurisdictional. 487 U.S. at 315-16, 108 S.Ct. 2405.

We are aware that the Torres holding has been partially superseded by an amendment to Rule 3, Fed. R. App. P., which allows attorneys representing several similarly situated clients to use designations such as "all plaintiffs" or "the defendants" in the notice of appeal. By the amendment, the rule also deems the notice sufficient when it is "objectively clear that a party intended to appeal." Rule 3, Fed. R. App. P., Advisory Committee Notes. However, this amendment addressed the sufficiency of the notice of appeal and did not change the rule that the actual filing of a notice of appeal is mandatory and jurisdictional. See Kelly v. Foti, 77 F.3d 819, 822 (5th Cir.1996) (citing Northwest Airlines v. County of Kent, 510 U.S. 355, 364, 114 S.Ct. 855, 127 L.Ed.2d 183 (1994)). Furthermore, the Alabama Rules of Appellate Procedure have not been so amended.
[6] Because Rule 14(a), Ala. R. Civ. P., applies only to claims against a party who is or may be liable for all or part of the plaintiff's claim against the third-party plaintiff, the scope of the preclusion by reason of McInnis's failure to appeal should be limited to McInnis's claims grounded upon a right of indemnity. Compare Rule 13(g), Ala. R. Civ. P., regarding cross-claims, where the scope of the claim is not so limited.
[7] Rule 60(a), Ala. R. Civ. P., does allow the trial court to act sua sponte to correct clerical mistakes; however, nothing in this case indicates that the trial court corrected a clerical mistake. Instead, the trial court set aside its earlier summary judgment.