The plaintiffs, Myrtis Powell and Newton B. Powell, brought this boundary-line action against the defendants, Joseph Holmes, Jr. and Nelda Holmes. The Holmes' counterclaimed. After hearing the evidence ore tenus the trial court found in favor of the plaintiffs and fixed the boundary line. The defendants have appealed from that order.
The plaintiffs have filed a motion to dismiss the appeal on the ground that notice of appeal was not timely made.
The record supports the plaintiffs' view. The date appearing on the judgment is March 24, 1978. The date on which that judgment was filed in the register's office is March 27, 1978. Rule 4, ARAP requires that notice of appeal "shall be filed with the clerk . . . within 42 days . . . of the date of the entry of the judgment or order appealed from." The phrase "entry of judgment" refers to the ministerial act of the clerk in spreading the judgment upon the record, as opposed to the "rendition of judgment" which is the judicial act of the court in pronouncing a judgment or an order. LeFlore v. State ex rel.Moore, 288 Ala. 310, 314, 260 So.2d 581 (1972); Application ofGleit, 178 Misc. 198, 33 N.Y.S.2d 629 (1942); Gow v. MultnomahHotel, 191 Or. 45, 228 P.2d 791 (1951); Adamson v. Brady,199 Okla. 55, 182 P.2d 748 (1947). Filing the judgment or order in the office of the clerk (or register) or compliance otherwise under Rule 58 (c), ARCP constitutes "entry of the judgment" for purposes of computing the time within which notice of appeal must be filed. Accord, Gilbert v. Cliche, 379 A.2d 717 (Maine, 1977). Therefore the date on which the time for computation began to run in this case was March 28, 1978. Forty-two days from that date was May 8, 1978.
The plaintiffs' motion to dismiss was accompanied by the certificate of the register stating that the notice of appeal received by her and filed in her office was received on May 9, 1978, one day later. It was contained in a certified mail envelope postmarked May 5, 1978.
Rule 3 (a), ARAP states that "[I]n civil cases an appeal . . . shall be taken . . . by filing a notice of appeal with the clerk of the trial court, within the time allowed by Rule 4." The language of Rule 4 is equally mandatory. The language of neither permits the earlier postmark appearing upon an envelope to be a substitute for filing with the clerk. As Judge Holmes *Page 762 
recently observed in Moutry v. State, 359 So.2d 388, 390
(Ala.Civ.App., 1978), a case dealing with a similar issue:
 A document has not been filed until it has actually been received by the court; mere mailing is not enough. See Blades v. U.S., 407 F.2d 1397 (9th Cir., 1969).
See also Townsend v. Board of Building Appeals, 49 Ohio App.2d 402, 361 N.E.2d 271 (1976); Walsh v. Tucker, 454 Pa. 175,312 A.2d 11 (1973).
Contrary to the defendants' argument, Rule 25 (a), ARAP does not apply to all filings, but only to filings in an appellate
court. That rule does not allow a certified mailing date as this was to be deemed the filing date in a trial court. That express provision accommodates the lack of accessibility of those tribunals to parties who wish to file appellate papers, and one must note that the time requirements contained in that rule are not jurisdictional. See Rule 26 (b) on enlargement of time. Nothing contained in Rules 3 and 4, ARAP suggests that similar treatment will be given to the mailing of a notice of appeal to the clerk of the trial court whose office, unlike that of the appellate court clerk, is the repository of all documents and records which must be collated and transmitted on appeal.
The defendants also request that, should we have disagreed with their argument that Rule 25 (a) permits a certified mailing date to control the date upon which notice of appeal is filed, we nevertheless suspend the rules under Rule 2, ARAP and therefore allow such a practice to apply in this case. That is, we are not being requested to extend the time for filing, see Rule 2 (b), ARAP but are being asked to decide that certified mailing in this instance was sufficient as a filing of notice of appeal. On that point the defendants concede that, but for their mistaken belief on the applicability of Rule 25 (a), ARAP they easily could have taken the notice of appeal from Huntsville (where counsel for defendants was located) to Decatur (the location of the register's office) a distance of only fifteen miles. They add that a notice mailed on May 5 from Falkville, as this was, "would ordinarily be expected to result in delivery" in Decatur, fifteen miles away, by May 8. Whether that conclusion is justified under present conditions we need not decide since it is obvious from a comparison of the Rules and the authorities that, in connection with filing a notice of appeal, the hazards of mail traffic have been studiously avoided.
A timely filing of the notice of appeal is jurisdictional,Morris v. Merchants National Bank, 359 So.2d 371 (Ala., 1978); Rule 3 (a), ARAP, the sanction to be applied for an untimely filing being dismissal. Rule 2 (a), ARAP. We have no alternative but to follow that mandate.
APPEAL DISMISSED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES and SHORES, JJ., concur.