This is a lease tax case.
The final tax assessment was entered against the taxpayer by the Department of Revenue of the State of Alabama (state or department) on January 10, 1979. The taxpayer filed a notice of appeal in the appropriate circuit court on February 8, 1979, and deposited a notice of appeal in the United States mail on February 8, 1979, addressed to the secretary of the department. That notice normally would have arrived in Montgomery on February 9, 1979; however, the notice of appeal was not received by the secretary of the department until February 12, 1979. Only a fifteen-cent postage stamp was affixed to the taxpayer's envelope, which contained the notice of appeal, and the front of the envelope bears a notation of "Postage due 13¢." The state filed in the trial court a motion to dismiss the appeal upon the ground that the appeal was not taken in accordance with the terms and provisions of § 40-2-22, Code of Alabama 1975, since the taxpayer failed to file a notice of appeal with the secretary of the department within thirty days from the date the final tax *Page 1342 
assessment was made and entered by the department against the taxpayer. The department contended that the trial court was without jurisdiction to hear the taxpayer's appeal on that account. The state's motion to dismiss was denied by the trial court. After the parties submitted the merits of the appeal upon a written stipulation, the trial court set aside the lease tax assessment and reduced it. The state timely appealed.
The primary issue is whether the taxpayer properly perfected its appeal under § 40-2-22, which provides, in pertinent part, as follows:
 "If any taxpayer against whom an assessment is made by the department of revenue under any assessment required by law to be made by the department of revenue is dissatisfied with the final assessment as fixed by said department of revenue, he may appeal from said final assessment to the circuit court of Montgomery County or, in cases other than public utilities, to the circuit court of the county in which the taxpayer resides, if the taxpayer has within the state a permanent residence, at the option of the taxpayer, by filing notice of appeal with the secretary of the department of revenue and with the clerk or register of the circuit court of the county to which the appeal shall be taken within 30 days from the date of said final assessment made and entered on the minutes of the department as required by law. . . ."
(Emphasis supplied.)
§ 40-2-22, Code 1975.
That code section clearly provides that a timely filing of a notice of appeal with the secretary of the department is one of the prerequisites which must be met by a taxpayer in order to perfect an appeal to the circuit court from the department's final tax assessments. That is a jurisdictional requirement, and there must be compliance with it before a circuit court has jurisdiction over the subject matter, the appeal. The appellate courts of this state have uniformly held that, if such a notice of appeal is not filed with the secretary of the department within thirty days from the entry of the final tax assessment, the taxpayer's appeal to the circuit court should be dismissed. Some of those opinions to that effect are Dowda v. State,274 Ala. 124, 145 So.2d 830 (1962); Lambert v. State Department ofRevenue, 414 So.2d 983 (Ala.Civ.App. 1982); Mitchell v. State,351 So.2d 599 (Ala.Civ.App. 1977), and State v. Empire BuildingCompany, 46 Ala. App. 565, 246 So.2d 454 (1971).
The taxpayer, however, contends that Rule 25 (a) of the Alabama Rules of Appellate Procedure should govern this matter since that rule provides that a filing of appellate papers required or permitted to be filed with the appellate clerk are deemed to be filed on the day of mailing if certified or registered mail is utilized in transmitting them to the clerk of the appellate court. We disagree with that contention for the reasons which follow.
"Contrary to the defendants' argument, Rule 25 (a), ARAP does not apply to all filings, but only to filings in an appellate court. That rule does not allow a certified mailing date as this was to be deemed the filing date in a trial court." Holmesv. Powell, 363 So.2d 760, 762 (Ala. 1978). That rationale is equally applicable to the required filing of the notice of appeal with the secretary of the department.
Since compliance with the provisions of § 40-2-22, supra, is jurisdictional, that code section applies and Rule 25 (a) does not provide the mechanism by which a party may invoke the jurisdiction of the circuit court over such a tax appeal. To apply the Alabama Rules of Appellate Procedure so as to find an external exception to the jurisdictional time requirements of §40-2-22 would constitute an unauthorized extension of jurisdiction. Holmes v. Powell, supra; Mitchell v. State,supra; State v. Empire Building Company, Inc., supra.
When the legislature has prescribed the means and method of perfecting an appeal from a tax assessment to the circuit court, that procedure must be followed. The legislature requires the filing *Page 1343 
of a notice of appeal with the secretary of the department within the specified thirty-day period. That means that mailing was not enough but that the notice had to be actually received by the secretary of the department before it was filed. Holmesv. Powell, supra. In that case, it was stated, "[I]t is obvious from a comparison of the Rules and the authorities that, in connection with filing a notice of appeal, the hazards of mail traffic have been studiously avoided." 363 So.2d at 762.
In any event, even if Rule 25 (a) applied, no compliance therewith is reflected by the record. The record furnished to this court does not disclose that the mailing of the notice of appeal by the taxpayer to the secretary of the department was by either certified or registered mail.
Since the jurisdiction of the trial court over the appeal was never invoked, the circuit court was without jurisdiction over the subject matter, and the taxpayer's appeal should have been dismissed by the learned trial court. We must reverse and remand this case to the circuit court, where a judgment shall be entered, setting aside its final judgment of October 4, 1983, in this cause, reinstating the final tax assessments in full against the taxpayer, and dismissing the taxpayer's appeal.
The foregoing opinion was prepared by retired Circuit Judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
REVERSED AND REMANDED.
All the Judges concur.