From a final assessment issued by the Department of Industrial Relations (Department) after administrative hearing, appellee-employer appealed to the Circuit Court of Houston County. Appellant-Department moved to dismiss the appeal as not having been timely perfected with both the circuit court and the Director as required by section 25-4-134(c)(3)b. The trial *Page 772 
court overruled the Department's motion to dismiss, finding "that the late service on [Department] of [employer's] Notice of Appeal should be excused on [grounds of equitable estoppel]." Although the trial court later rendered judgment on the merits in favor of appellee-employer, the only issue presented on appeal by the Department is the failure of the trial court to dismiss employer's appeal to the circuit court as not having been timely perfected as required by statute.
The chronology of events with which we are concerned is as follows: After the Department issued an unemployment compensation contribution assessment of $29,220.23 to the employer on July 15, 1986, employer requested and received an administrative hearing before a Department hearing officer on August 14, 1986. By letter dated September 2, 1986, the hearing officer notified employer that the evidence had failed to show why the assessment "should not become final." The letter referred employer and its attorney to the provisions of section25-4-134, Ala. Code (1975), and set out employer's right to appeal "within thirty (30) days of the date of the final assessment" in either the Circuit Court of (Houston County) or (Montgomery County). The actual document of final assessment was issued by the Department on September 8, 1986, and mailed by certified mail to employer. The final assessment contained the following language:
 "If you are dissatisfied with said final assessment and timely protest the same, an appeal therefrom may be taken within thirty days from the date of said final assessment, pursuant to the provisions of Code of Alabama 1975, § 25-4-134(c)(3)."
On September 26, 1986, employer filed its notice of appeal in the Circuit Court of Houston County. The supersedeas bond it filed was marked "filed and approved" by the clerk of the court on September 30, 1986.
On October 7, 1986, the trial judge entered an order staying execution of the assessment.
On October 9, 1986, the Houston County Circuit Court Clerk mailed a summons and a copy of the notice of appeal to the Sheriff of Montgomery County, and service was obtained on the Department October 14, 1986.
The Department filed its motion to dismiss on October 23, asserting that the circuit court was without jurisdiction to act on the appeal due to the employer's failure to comply with provisions of section 25-4-134(c)(3), which required notice of appeal to be filed with the circuit court and with the Director of the Department "within thirty days of the final assessment made and entered on the minutes of the Department."
At the hearing on the Department's motion to dismiss, employer offered the testimony of the hearing officer and the field deputy of the Department who had been assigned to the case. The evidence offered was without substantial conflict. The trial court overruled the motion to dismiss, from which the Department appeals, presenting two closely related issues: (1) that employer's failure to timely serve its notice of appeal on the Department within thirty days of the final assessment left the trial court without jurisdiction to determine the case on the merits, and (2) the trial court erred in applying the doctrine of equitable estoppel to excuse the untimely service of notice of appeal on the Department.
In addition, the Department asserts that the trial court's ruling is not entitled to a presumption of correctness because the ruling concerned questions of law and was based on undisputed facts.
As to our standard of review in this matter, we agree with the Department that the trial court's ruling on the motion to dismiss is not entitled to a presumption of correctness. The ruling involved the application of Alabama law to undisputed facts.
In Imperial Group, Ltd. v. Lamar Corp., 347 So.2d 988, 989
(Ala. 1977), Justice Bloodworth quoted approvingly the following from 28 Am.Jur.2d Estoppel and Waiver § 149 (1966):
 "Generally speaking, the existence of an estoppel in pais is a mixed question of *Page 773 
law and fact. . . . Unless only one reasonable inference can be drawn from the evidence, estoppel is a question for the triers of the facts, the jury or the trial court. On the other hand, if the facts are undisputed and only one reasonable inference in such respect can be drawn from the evidence, the question whether an estoppel is established is one of law for the court." (footnotes omitted)
See also, Humphrey v. Boschung, 287 Ala. 600, 253 So.2d 769
(1971).
A court's determination concerning questions of law is not entitled to any presumption of correctness on appeal.Donnelly v. Doak, 346 So.2d 414 (Ala. 1977).
We must next consider the application of the doctrine of equitable estoppel to the facts before us.
Appellee-employer, in an excellent brief, urges us to affirm the trial court on authority of Ex parte Four Seasons, Ltd.,450 So.2d 110 (Ala. 1984). In that case, our supreme court held that where a county tax assessor actively misrepresented to a taxpayer the date of the Board of Equalization's decision on taxpayers' protest in an attempt to deny taxpayers, who relied on it, their right to an appeal to a court of law, the doctrine of equitable estoppel applied against the State, and the State could not contend that taxpayers' notice of appeal was not timely.
 "Although the doctrine of equitable estoppel is, as a general rule, not applicable to the state, to municipal subdivisions, or to state-created agencies (Marsh v. Birmingham Board of Education, 349 So.2d 34 (Ala. 1977)), the doctrine is applicable to the government where justice and fair play require it. United States v. Lazy F C Ranch, 481 F.2d 985 (9th Cir. 1973). See, also, Semaan v. Mumford, 335 F.2d 704 (D.C. Cir. 1964). This court has applied the doctrine of estoppel against municipalities when the facts and circumstances, in the judgment of the court, warranted its application. Marsh v. Birmingham Board of Education, supra; City of Montgomery v. Weldon, 280 Ala. 463, 195 So.2d 110 (1967); Powell v. City of Birmingham, 258 Ala. 159, 61 So.2d 11 (1952)."
Ex parte Four Seasons, Ltd., 450 So.2d 110, 111 (Ala. 1984).
Appellee-employer argues that it was misled by the Department's notices of assessment which referred to the right of appeal under the statute. Appellee further argues that, to its detriment, it relied on the alleged misinformation contained in the notices.
In the Department's letter-notice of September 2, 1986, sent to employer and its attorney, informing employer that the assessment would be made final, the following paragraph is included:
 "Should you be dissatisfied with this decision, I again call your attention to the provisions of Section 25-4-134 of the Code, which provides that an appeal from this decision may be filed within thirty (30) days of the date of the final assessment, either in the Circuit Court of your county of residence, the Circuit Court of Montgomery County, or the Circuit Court in that county where you have your principal place of business."
Section 25-4-134(c)(3)b states:
 "If an employer against whom an assessment is made by the director is dissatisfied with the final assessment as fixed by the director . . . and duly protests the fixing of the same, he may appeal from said final assessment to the circuit court of Montgomery county, or to the circuit court of the county in which the employer resides or has his principal place of business, if the employer has within the state a permanent residence, at the option of the employer, by filing notice of appeal with the director and with the register of the circuit court of the county to which appeal shall be taken, within 30 days of the date of the final assessment made and entered on the minutes of the department, and in addition thereto by giving bond conditioned to pay all costs, to be filed with and approved by the register or clerk of the court to which the appeal shall be taken. The employer shall pay the assessment so made before the appeal is *Page 774 
filed, or the court shall upon motion dismiss such appeal, unless at the time of taking the appeal the employer has executed a supersedeas bond with sufficient sureties to be approved by the register or clerk of the court to which the appeal shall be taken in double the amount of contributions, interest and penalties, payable to the director, conditioned to pay all contributions, interest, penalties and costs found to be due the department of industrial relations." (emphasis added)
It is of interest to note that the September 2, 1986, notice refers to the appropriate circuit court in which notice of appeal is to be filed, while the September 8, 1986, notice simply points out that appeal may be taken within thirty days of final assessment pursuant to the provisions of §25-4-134(c)(3). Neither of such notices contained any false information whatever (as was the case in Four Seasons, supra). In fact, both notices cited employer and its attorney to the proper statute governing appeals from final assessments. Nor did the notices attempt to outline or suggest the acts necessary to perfect an appeal. If the appeal requirements of section 25-4-134, Ala. Code (1975), were misapprehended by appellee, it was not due to any affirmative acts of misconduct or misrepresentation by the Department.
Appellee-employer concedes that the Department had no duty to inform it of the right to appeal, but having undertaken to do so, by notice, should have fully outlined all necessary requirements to perfect its appeal. We are not familiar with any authority supporting this argument.
The Four Seasons case, supra, can be further distinguished from our case on the matter of availability of remedies. InFour Seasons the taxpayer would have been effectively denied a remedy at law by relying on the tax assessor's notice. In our case, the remedy (right of appeal) for appellee was found in the statute to which appellee and its attorney were accurately cited.
Appellee also argues that in some manner, the actions of the Department, the trial judge, and the court clerk coalesced to produce a result that was contrary to "justice and fair play." We know of no law, rule, or practice, which would require or suggest that either of these principals should have acted any differently under the circumstances. In fact, it would appear that each discharged the respective responsibilities reasonably and according to law. In any event, the premise of such an argument is simply nonreviewable on our part.
Although this is a case of first impression, the facts and the applicable law are strikingly similar to those in StateDepartment of Revenue v. Welding Engineering Supply Co.,452 So.2d 1340 (Ala.Civ.App. 1984). In that case the taxpayer appealed from an assessment by the Department of Revenue under the provisions of section 40-2-22, Ala. Code (1975), which provides in pertinent part as follows:
 "If any taxpayer against whom an assessment is made by the department of revenue under any assessment required by law to be made by the department of revenue is dissatisfied with the final assessment as fixed by the said department of revenue, he may appeal from said final assessment to the circuit court of Montgomery county or, in cases other than public utilities, to the circuit court of the county in which the taxpayer resides, if the taxpayer has within the state a permanent residence, at the option of the taxpayer, by filing notice of appeal with the secretary of the department of revenue and with the clerk or register of the circuit court of the county to which the appeal shall be taken within 30 days from the date of said final assessment made and entered on the minutes of the department as required by law. . . ." (emphasis added)
§ 40-2-22, Ala. Code (1975). The taxpayer had filed notice of appeal with the circuit court on February 8, 1979 after final assessment had been entered against him on January 10, 1979. A copy of the notice of appeal was mailed to the Department of Revenue on February 8, 1979 but due to insufficient postage was not received by the Department of Revenue until February *Page 775 
12, 1979. In holding that the trial court was without jurisdiction to hear the case on its merits, our court said:
 "That code section clearly provides that a timely filing of a notice of appeal with the secretary of the department is one of the prerequisites which must be met by a taxpayer in order to perfect an appeal to the circuit court from the department's final tax assessments. That is a jurisdictional requirement, and there must be compliance with it before a circuit court has jurisdiction over the subject matter, the appeal. The appellate courts of this state have uniformly held that, if such a notice of appeal is not filed with the secretary of the department within thirty days from the entry of the final tax assessment, the taxpayer's appeal to the circuit court should be dismissed. Some of those opinions to that effect are Dowda v. State, 274 Ala. 124, 145 So.2d 830 (1962); Lambert v. State Department of Revenue, 414 So.2d 983 (Ala.Civ.App. 1982); Mitchell v. State, 351 So.2d 599 (Ala.Civ.App. 1977); and State v. Empire Building Company, 46 Ala. App. 565, 246 So.2d 454 (1971)."
Based on the foregoing, it is our opinion that the trial court erred in denying the Department's motion to dismiss employer's notice of appeal, and therefore acted without jurisdiction in subsequently determining the case on its merits. It is well recognized that a judgment rendered in the absence of subject matter jurisdiction is void and will not support an appeal. Payne v. Department of Industrial Relations,423 So.2d 231 (Ala.Civ.App. 1982).
The trial court erred in refusing to grant the Department's motion to dismiss the appeal. This case is therefore remanded to the trial court to enter its order of dismissal in favor of the Department.
The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Ala. Code (1975), and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.