On April 13, 2004, the State Department of Industrial Relations (hereinafter "DIR") issued a "Decision on Unemployment Compensation Tax Liability" wherein it found Deadra Merriman and Brian Merriman, doing business as Merriman's Garage (hereinafter "Merriman"), to be liable for unemployment-compensation benefits for mechanics that DIR determined to be employees of Merriman. Based on this finding, DIR made a final assessment against Merriman in the amount of $7,307.55 for unemployment-compensation contributions, an employment-security assessment, interest, and penalties.
On May 12, 2004, Merriman appealed DIR's decision to the Morgan Circuit Court pursuant to § 25-4-134(c)(3), Ala. Code 1975. Following a bench trial held on January 3, 2006, the trial court entered a judgment on January 17, 2006, declaring the final assessment made by DIR against Merriman to be invalid and finding the mechanics who worked at the garage operated by Merriman to be independent contractors.
On February 16, 2006, Merriman filed an opposition to a postjudgment motion purportedly filed earlier by DIR pursuant to Rule 59(e), Ala. R. Civ. P., to alter, amend, or vacate the trial court's January 17, 2006, judgment. Subsequently, on March 3, 2006, DIR filed a motion, purportedly pursuant to Rule 59(e), in the trial court. In its March 3, 2006, motion, DIR certified that it had served Merriman with a copy of the motion on February 27, 2006. The trial court set DIR's March 3, 2006, motion for a hearing to be held on June 27, 2006. However, the trial court did not hold a hearing on the motion. On June 26, 2006, DIR filed its notice of appeal.
Unfortunately, we are unable to reach the merits of this appeal. It is well *Page 88 
settled that jurisdictional matters are of such significance that an appellate court may take notice of them ex meromotu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211
(Ala.Civ.App. 1997); Nunn v. Baker, 518 So.2d 711, 712
(Ala. 1987). "The timely filing of [a] notice of appeal is a jurisdictional act." Rudd v. Rudd, 467 So.2d 964, 965
(Ala.Civ.App. 1985); see also Parker v. Parker,946 So.2d 480, 485 (Ala.Civ.App. 2006) ("an untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived").
Rule 59(e), Ala. R. Civ. P., provides that a motion to alter, amend, or vacate a trial court's judgment "shall befiled not later than thirty (30) days after entry of the judgment." (Emphasis added.) Rule 5(e), Ala. R. Civ. P., provides, in pertinent part:
 "Filing With the Court Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk."
DIR represents to this court that it filed its March 3, 2006, motion before March 3, 2006. However, the motion filed by DIR is stamped as filed in the circuit clerk's office on March 3, 2006. The record does not reveal that DIR attempted to file its March 3, 2006, motion with the trial judge pursuant to Rule 5(e). Although we recognize the inherent improbability of Merriman's filing a response to a motion without first receiving a motion to which to respond, our review is limited to what is before us in the record.
The record reveals that DIR filed its purported postjudgment motion on March 3, 2006, 45 days after the trial court entered its judgment on January 17, 2006. Because DIR filed that motion outside the 30-day period provided in Rule 59(e), we calculate the time DIR had to file its appeal from the date the trial court entered its January 17, 2006, judgment. See Payne v.City of Athens, 607 So.2d 292
(Ala.Civ.App. 1992) (recognizing that an untimely postjudgment motion does not suspend the time for filing an appeal); seealso City of Talladega v. McRae, 375 So.2d 429
(Ala. 1979) (holding that untimely filing of a postjudgment motion does not suspend the time one is allowed to perfect an appeal).
DIR filed its notice of appeal on June 26, 2006, more than 42 days after the trial court entered its judgment. Because DIR's notice of appeal was untimely, it did not invoke the jurisdiction of this court, and this appeal must be dismissed. Rule 2(a)(1), Ala. R.App. P.
APPEAL DISMISSED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.