MOORE, Judge.
A.J. (“the mother”) and T.J. (“the father”) appeal from separate judgments entered by the Cullman Juvenile Court (“the juvenile court”) on May 9, 2012, terminating their parental rights to their children V.N.J., who was born on September 28, 2005; T.A.J., who was born on October 27, 2009; and E.R.J., who was born on April 4, 2011 (hereinafter referred to collectively as “the children”). We dismiss the appeals.

Background

On October 12, 2011, the Cullman County Department of Human Resources petitioned the juvenile court to terminate the parental rights of the mother and the father to the children. After conducting ore tenus proceedings on April 18, 2012, and May 1, 2012, the juvenile court entered judgments on May 9, 2012, terminating the parental rights of the mother and the father to the children. On May 16, 2012, the father moved the juvenile court to grant him in forma pauperis status; on May 18, 2012, the mother also requested that the juvenile court grant her in forma pauperis status. In those motions, the father and the mother indicated that they wished to appeal. The juvenile court granted those motions on May 31, 2012. The mother filed her notice of appeal on June 6, 2012; the father filed his notice of appeal on June 7, 2012.

Analysis

“It is well settled that jurisdictional matters are of such significance that an appellate court may take notice of them ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997); Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). ‘The timely filing of [a] notice of appeal is a jurisdictional act.’ Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985); see also Parker v. Parker, 946 So.2d 480, 485 (Ala.Civ.App.2006) (‘an untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived’).”
Kennedy v. Merriman, 963 So.2d 86, 87-88 (Ala.Civ.App.2007).
*53 The mother and the father had 14 days from the entry of the juvenile court’s May 9, 2012, judgments to appeal. See Rule 28(C), Ala. R. Juv. P.; and H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1279 (Ala.Civ.App.2009) (“A notice of appeal in a juvenile action must be filed within 14 days of the date of entry of the judgment or the denial of a [timely filed] postjudgment motion.”).
Neither the mother nor the father filed a postjudgment motion pursuant to Rule 52 or Rule 59, Ala. R. Civ. P., which, under the procedural posture of these cases, were the only motions that would have tolled the time for filing their notices of appeal from the May 9, 2012, judgments. See, e.g., Rule 4(a)(3), Ala. R.App. P. (“The filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure ... shall suspend the running of the time for filing a notice of appeal.”). A motion to proceed in forma pauperis is not a postjudgment motion that tolls the time for filing a notice of appeal.
The mother filed her notice of appeal on June 6, 2012, and the father filed his notice of appeal on June 7, 2012. Because neither the mother nor the father appealed until after the 14-day period had expired, this court has no jurisdiction to consider their appeals. See Rule 2(a)(1), Ala. R.App. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court”). We, therefore, dismiss the mother’s and the father’s appeals.
APPEALS DISMISSED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
THOMAS, J., recuses herself.