DONALDSON, Judge.
The Alabama Department of Labor (“ADOL”)[1] petitions this court for the writ of mandamus directing the Tallapoosa Circuit Court (“the trial court”) to grant its motion to dismiss an appeal filed in the trial court by Charter HR, Inc. (“Charter”). In that appeal, Charter seeks a review of an administrative determination and final assessment by ADOL that imposed unemployment-compensation taxes against Charter. Because the materials properly before this court show that Charter did not comply with the statutory requirements to invoke the jurisdiction of the trial court, we grant the petition and issue the writ.

Facts and Procedural History

The relevant facts before us are as follows. A dispute existed between ADOL and Charter as to the proper assessment that should be imposed on Charter for unemployment-compensation tax purposes. See generally § 25-4-8, Ala.Code 1975. On December 21, 2012, ADOL sent a letter to Charter via certified mail notifying Charter that an assessment had been entered calculating Charter’s unemployment-compensation tax rate. The letter also specifically stated:
“Should you be dissatisfied with the decision and final assessment as fixed, I call your attention to the provisions of Section 25-4-134, Code of Alabama 1975, which provides that you are entitled to an appeal from this decision. Any appeal must be tried to Circuit Court and initiated within thirty (30) days of the date of the final assessment made by the Alabama Department of Labor.”
Section 25-4-134(c)(3)b., Ala.Code 1975, provides, in pertinent part:
“If an employer against whom an assessment is made by the director is dissatisfied with the final assessment as fixed by the director under any of the provisions of subdivision (1) of this subsection (c) and duly protests the fixing of the same, he may appeal from said final assessment to the Circuit Court of Montgomery County, or to the circuit court of the county in which the employer resides or has his principal place of business, if the employer has within the state a permanent residence, at the option of the employer, by filing notice of appeal with the director and with the register of the circuit court of the county to which appeal shall be taken, within 30 days of the date of the final assessment made and entered on the minutes of the department, and in addition thereto by giving bond conditioned to pay all costs, to be filed with and approved by the register or clerk of the court to which the appeal shall be taken.”
It is undisputed that Charter is an employer for purposes of that statute and that its principal place of business is in Tallapoosa County.
On January 18, 2013, which was within 30 days of December 21, 2012, the date ADOL sent its assessment letter, Charter filed a notice of appeal in the trial court seeking judicial review of the administra *358 tive determination and final ■ assessment. The notice of appeal was served on the director of ADOL on January 23, 2018, which was 33 days after December 21, 2012.
On February 8, 2013, ADOL filed its first motion to dismiss Charter’s appeal. In that motion, ADOL claimed that the supersedeas bond submitted by Charter was not sufficient pursuant to § 25^4-134(c)(3), AJa.Code 1975. The trial court denied that motion on February 22, 2013. ADOL petitioned this court, seeking a writ of mandamus directing the trial court to grant the motion to dismiss, which this court denied. See Ex parte Alabama Dep’t of Labor, 141 So.3d 1058 (Ala.Civ.App.2013).
On November 12, 2014, ADOL filed a second motion to dismiss the appeal in the trial court. In that motion, ADOL alleged that Charter’s appeal was untimely under § 25-4-134(c)(3)b. because the notice of appeal was not filed with the director within the time required by the statute and that, therefore, the trial court did not have subject-matter jurisdiction over the appeal. Charter filed a response in opposition to ADOL’s motion on December 17, 2014. The trial court denied the motion on June 30, 2015. ADOL petitioned this court for the writ of mandamus on August 7, 2015.

Standard of Review

“The denial of a motion to dismiss for lack of jurisdiction is renewable upon a timely filed petition for a writ of mandamus. Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000); Drummond Co. v. Alabama Dep’t of Transp., 937 So.2d 56, 57 (Ala.2006). With regard to an appellate court’s consideration of a petition for a writ of mandamus, our supreme court has stated:
“ ‘This Court has consistently held that the writ of mandamus is an extraordinary and drastic writ and that a party seeking such a writ must meet certain criteria. We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court’s jurisdiction is properly invoked. Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala. 1997)....”
Ex parte Diefenbach, 64 So.3d 1091, 1093 (Ala.Civ.App.2010).

Discussion

Section 25-4-134(c)(3)b. requires that a notice of appeal be filed in the appropriate circuit court and with the director of ADOL within 30 days of “the date of the final assessment made and entered on the minutes of the department.” ADOL contends that the letter sent to Charter via certified mail dated December 21, 2012, notifying Charter of the administrative determination and final assessment was the date from which the calculation of time should be made to determine whether Charter filed a timely appeal. Although Charter filed its notice of appeal in the trial court within 30 days of December 21, 2012, Charter’s notice of appeal was not filed with the director of ADOL until January 23, 2013, or 33 days after December 21, 2012. In response, Charter asserts that ADOL has failed to establish the date on which the administrative determination and final assessment was “made and entered on the minutes of the department.” This court has previously addressed this issue:
“Taxpayer contends that the State’s motion to dismiss should not have been granted since it does not specifically appear in the complaint or in the Final Assessment Notice, nor was it alleged in *359 the motion to dismiss that the final assessment was ever ‘entered on the minutes of the department.’ By the terms of the statute, if the assessment has not been entered in the minutes, the time has not yet run for invoking the jurisdiction of the circuit court on appeal. However, we do not consider that the ‘entering on the minutes’ provision requires a formal entry in a book of minutes comparable to that of corporate meetings. There is no indication that the Department has ever kept such ‘minutes.’ ‘Minutes’ may be viewed as simply ‘the written memoranda of the assessment of the ... tax.’ Howell & Graves, Inc. v. Curry, 242 Ala. 122, 5 So.2d 105 (1941). The final assessment and the official notice thereof received by Taxpayer are permanent records of the department and are ‘minutes’ sufficient for the statute. See City of Talladega v. Jackson-Tinney Lumber Co., 209 Ala. 106, 95 So. [ ] 455 (1923).”
Mitchell v. State, 351 So.2d 599, 601 (Ala.Civ.App.1977). Accordingly, ADOL’s administrative determination and final assessment was “made and entered on the minutes of the department” on December 21, 2012, making Charter’s notice of appeal from that administrative determination and final assessment due within 30 days from that date. We note that the 30th day following December 21, 2012, fell on Sunday, January 20, 2013, and that Monday, January 21, 2013, was a legal holiday. Section 1-1-4, Ala.Code 1975 provides, in part:
“Time within which any act is provided by law to be done must be computed by excluding the first day and including the last. However, if the last day is Sunday, or a legal holiday ..., or a day on which the office in which the act must be done shall close as permitted by any law of this state, the last day also must be excluded, and the next succeeding secular or working day shall be counted as the last day within which the act may be done.”
Therefore, Charter was required to file the notice of appeal with the trial court and the director no later than Tuesday, January 22, 2013. See Ex parte Tellabs Operations, Inc., 84 So.3d 53, 57 (Ala.2011) (“Alabama courts previously have held that filing deadlines provided by statute are to be read in pari materia with § 1-1-4, Ala.Code 1975.”).
In Allen v. Johnny Baker Hauling, Inc., 545 So.2d 771 (Ala.Civ.App.1989), this court addressed the issue whether a
“circuit court was without jurisdiction to act on the appeal due to the employer’s failure to comply with provisions of section 25-4-134(c)(3), which required notice of appeal to be filed with the circuit court and with the Director of the Department ‘within thirty days of the final assessment made and entered on the minutes of the Department [of Industrial Relations].’ ”
545 So.2d at 772. In Allen, a final assessment was issued by the Alabama Department of Industrial Relations (“ADIR”), the predecessor to ADOL (see note 1, supra), on September 8,1986, and mailed by certified mail to employer. On September 26, 1986, the employer filed its notice of appeal in the circuit- court; however, the notice of appeal was not served upon the director of ADIR until October 14, 1986. ADIR filed a motion to dismiss the appeal, asserting that the circuit court was without jurisdiction to act on the appeal because of the employer’s failure to comply with the provisions of § 25-4-134(c)(3)b., which, as now, required a notice of appeal to be filed with the circuit court and with the director of the ADIR “within 30 days of the date of final assessment made and entered on the minutes of the department.” The circuit *360 court denied ADIR’s motion to dismiss. This court held:
‘“[Section 25-4-134(c)(3)b.] clearly provides that a timely filing of a notice of appeal with the [director] of the department is one of the prerequisites which must be met by a taxpayer in order to perfect an appeal to the circuit court from the department’s final tax assessments. That is a jurisdictional requirement, and there must be compliance with it before a circuit court has jurisdiction over the subject matter, the appeal. The appellate courts of this state have uniformly held that, if such a notice of appeal is not filed with the [director] of the department within thirty days from the entry of the final tax assessment, the taxpayer’s appeal to the circuit court should be dismissed. Some of those opinions to that effect are Dowda v. State, 274 Ala. 124, 145 So.2d 830 (1962); Lambert v. State Department of Revenue, 414 So.2d 983 (Ala.Civ.App.1982); Mitchell v. State, 351 So.2d 599 (Ala.Civ.App.1977); and State v. Empire Building Company, 46 Ala.App. 565, 246 So.2d 454 (1971).’
“[State Department of Revenue v. Welding Engineering & Supply Co., 452 So.2d 1340 (Ala.Civ.App.1984).]
“Based on the foregoing, it is our opinion that the trial court erred in denying the Department’s motion to dismiss employer’s notice of appeal, and therefore acted without jurisdiction in subsequently determining the case on its merits. It is well recognized that a judgment rendered in the absence of subject matter jurisdiction is void and will not support an appeal. Payne v. Department of Industrial Relations, 423 So.2d 231 (Ala.Civ.App.1982).”
Allen, 545 So.2d at 775.
Similarly, in this case, it is undisputed that Charter did not comply with § 25-4-134(c)(3)b. because the notice of appeal was not filed with the director of ADOL within the required period. Charter cites affidavits filed in the trial court after ADOL filed its petition in this court in support of its argument that the director was not available on certain days during the 30-day period following the entry of the administrative determination and final assessment. ADOL has moved to strike those affidavits. We cannot consider evidence or factual assertions that were not presented to the trial court before it made its determination on ADOL’s motion to dismiss:
“It is well settled that, ‘in a mandamus proceeding, this Court will not consider evidence not presented to the trial court.’ Ex parte Cincinnati Ins. Co., 51 So.3d 298, 310 (Ala.2010). See Ex parte Ford Motor Credit Co., 772 So.2d 437, 442 (Ala.2000)(‘“On review by mandamus, we must look at only those facts before the trial court.’” (quoting Ex parte Baker, 459 So.2d 873, 876 (Ala.1984))). ‘[T]his Court is bound by the [materials before it], and it cannot consider a statement or evidence in a party’s brief that was not before the trial court.’ Ex parte Pike Fabrication[,Inc.], 859 So.2d [1089,] 1091 [(Ala.2002)].”
Ex parte East Alabama Med. Ctr., 109 So.3d 1114, 1117-18 (Ala.2012). Because the affidavits were not before the trial court at the time of its ruling, we grant the motion to strike and do not address whether the facts asserted in the affidavits would have excused Charter’s failure to file the notice of appeal with the director within the required time frame.
In the trial court, Charter also argued that it had 42 days to appeal the decision of ADOL pursuant to Rule 4, Ala. R.App. P., instead of the 30 days as pro *361 vided in § 25-4-134(c)(3)b. Charter argued that the procedural aspects of the appeal from the administrative proceedings to the trial court are governed by the Alabama Rules of Appellate Procedure. In State, Department of Revenue v. Welding Engineering & Supply Co., 452 So.2d 1340 (Ala.Civ.App.1984), a taxpayer attempted to appeal a final tax assessment by the Alabama Department of Revenue (“ADOR”) to the circuit court. At issue in that case was whether the taxpayer’s notice of appeal was timely filed with the secretary of ADOR pursuant to former § 40-2-22, Ala.Code 1975, which provided that an appeal from final tax assessments would be perfected by ‘“filing notice of appeal with the secretary of the department of revenue and with the clerk or register of the circuit court of the county to which the appeal shall be taken within 30 days from the date of said final assessment made and entered on the minutes of the department as required by law....’” 452 So.2d at 1342 (quoting former § 40-2-22)(emphasis omitted). This court stated:
“The taxpayer filed a notice of appeal in the appropriate circuit court on February 8, 1979, and deposited a notice of appeal in the United States mail on February 8, 1979, addressed to the secretary of the department. That notice normally would have arrived in Montgomery on February 9, 1979; however, the notice of appeal was not received by the secretary of the department until February 12,1979.”
452 So.2d at 1341. The taxpayer argued that, pursuant to Rule 25(a), Ala. R.App. P., the appeal was timely filed “since that rule provides that a filing of appellate papers required or permitted to be filed with the appellate clerk are deemed to be filed on the day of mailing if certified or registered mail is utilized in transmitting them to the clerk of the appellate court.” Id. at 1342. This court concluded:
“We disagree with that contention for the reasons which follow.
“‘Contrary to the defendants’ argument, Rule 25(a), [Ala. R.App. P.,] does not apply to all filings, but only to filings in an appellate court. That rule does not allow a certified mailing date as this was to be deemed the filing date in a trial court.’ Holmes v. Powell, 363 So.2d 760, 762 (Ala.1978). That rationale is equally applicable to the required filing of the notice of appeal with the secretary of the department.
“Since compliance with the provisions of § 40-2-22, supra, is jurisdictional, that code section applies and Rule 25(a) does not provide the mechanism by which a party may invoke the jurisdiction of the circuit court over such a tax appeal. To apply the Alabama Rules of Appellate Procedure so as to find an external exception to the jurisdictional time requirements of § 40-2-22 would constitute an unauthorized extension of jurisdiction. Holmes v. Powell, supra; Mitchell v. State, [351 So.2d 599 (Ala.Civ.App.1977) ]; State v. Empire Building Company, Inc., [46 Ala.App. 565, 246 So.2d 454 (1971) ].
“When the legislature has prescribed the means and method of perfecting an appeal from a tax assessment to the circuit court, that procedure must be followed. The legislature requires the filing of a notice of appeal with the secretary of the department within the specified thirty-day period. That means that mailing was not enough but that the notice had to be actually received by the secretary of the department before it was filed. Holmes v. Powell, supra. In that case, it was stated, ‘[I]t is obvious from a comparison of the Rules and the authorities that, in connection with filing a notice of appeal, the hazards of mail *362 traffic have been studiously avoided.’ 363 So.2d at 762.”
Id. at 1342-43. Likewise, the legislature has prescribed the means and method for perfecting an appeal to a circuit court from an administrative determination and final assessment by ADOL for unemployment-compensation taxes in § 25-4-134(c)(3)b. Rule 4, Ala. R.App. P., on the other hand, applies to appeals made to an appellate court. Therefore, the 42-day period prescribed in that rule is inapplicable to appeals taken pursuant to § 24-4-134(c)(3)b.
In an argument that was not presented to the trial court and that was raised by Charter for the first time in response to ADOL’s petition in this court, Charter claims the appeal was filed in a timely manner pursuant § 41-22-20(d), Ala.Code 1975, a part of the Alabama Administrative Procedure Act (“the AAPA”), § 41-22-1 et seq., Ala.Code 1975. The AAPA provides that an appeal from certain decisions may be perfected within 30 days of receipt of the decision rather than within 30 days of the date of the decision. Charter claims it filed the notice of appeal with the director within 30 days of its receipt of the administrative determination and final assessment. Charter is not precluded from seeking to uphold the trial court’s decision not to dismiss the appeal based on a different legal ground or argument than the one it asserted in the trial court so long as the evidence before the trial court would sustain the position or argument. Home Indem. Co. v. Reed Equip. Co., 381 So.2d 45, 50 (Ala.1980) (“The rule requiring adherence to the theory relied on below ... does not mean the parties are limited in the appellate court to the same reasons or arguments advanced in the lower court upon the matter or question in issue. 5 Am.Jur.2d, Appeal and Error, § 546 at 32.”). See also Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988) (noting the distinction between upholding and reversing a trial court’s ruling on grounds not specifically asserted below).
Charter does not provide a sufficient legal argument to support its contention that the provisions of the AAPA, rather than § 25-4-134(c)(3)b, apply. We initially note that the judicial-review provisions of the AAPA apply only to a “final decision in a contested case.” § 41-22-20(a), Ala. Code 1975. Charter does not present an argument that ADOL’s decision was a “final decision in a contested case” as defined by the AAPA. Even if the AAPA is applicable, there is no evidence in the materials before us establishing the date Charter received the December 21, 2012, letter. Therefore, the ruling of the trial court cannot be sustained based on the argument that the AAPA, not § 25-4-134(c)(3)b, is applicable to the proceedings.
ADOL has demonstrated a clear legal right to the relief sought; therefore, we grant the petition and issue a writ of mandamus instructing the trial court to grant ADOL’s motion and dismiss the appeal.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Pursuant to Act. No. 2012-496, Ala. Acts 2012, codified at § 25-2-1.1, Ala.Code 1975, the former Alabama Department of Industrial Relations has merged with ADOL, and the new department is named the "Alabama Department of Labor.” We note that § 25-2-1.1(b) provides, in part, that, “whenever any act, section of the Code of Alabama 1975, or any other provision of law refers to the Department of Industrial Relations ..., it shall be deemed a reference to the Department of Labor ... created by Act 2012-496.”