Rel: May 29, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

## CL-2025-1001

_____

## Ex parte Tameka Fitzpatrick

## PETITION FOR WRIT OF CERTIORARI

## (In re: Tameka Fitzpatrick

## v.

## Personnel Board of Jefferson County and City of Birmingham)

## (Jefferson Circuit Court: CV-23-904554)

EDWARDS, Judge.

Tameka Fitzpatrick seeks review of a judgment of a three-judge panel of the Jefferson Circuit Court ("the circuit court"), which dismissed her appeal from a decision of the Jefferson County Personnel Board ("the

JCPB") terminating her employment as an administrative analyst with the City of Birmingham ("the city").

In May 2021, Fitzpatrick was hired as an administrative analyst in the city's planning, engineering, and permits department. On November 29, 2022, the city notified Fitzpatrick that her employment was being terminated.[1] Fitzpatrick appealed the termination of her employment to

---

[1]The city leveled six charges against Fitzpatrick, which resulted in the termination of her employment. Those charges included:

"Charge One, [Fitzpatrick] did not dispute sending disrespectful, rude, and aggressive emails to [her] supervisor and [d]irector.

"Charge Two, [Fitzpatrick] did not provide documentation proving that [she] completed ... assignments, and that [she] responded to directives from [her] [d]irector.

"Charge Three, [Fitzpatrick] did not dispute that [she] [was] untruthful on [her] submitted telework report. Additionally, during [her] hearing [she] continued to state that [she] personally communicat[ed] with Mayor Woodfin on [her] personal devices and on [her] personal time.

"Charge Four, [Fitzpatrick] failed to demonstrate that [she] provided adequate notice to [her] supervisor according to the [c]ity and [planning, engineering, and permits] department policy. [Fitzpatrick] did not provide any evidence to contradict the 4 [absent without leaves].

"Charge Five, [Fitzpatrick's] written and verbal response to the charges stated that [she] [was] neither sleep[ing] nor snoring.

2

the JCPB, which assigned a hearing officer to preside over the appeal. Following a three-day evidentiary hearing, on November 13, 2023, the hearing officer entered a decision, which included findings of fact and conclusions of law, recommending that the JCPB affirm the termination of Fitzpatrick's employment. On December 5, 2023, the JCPB adopted the hearing officer's recommendation and affirmed the termination of Fitzpatrick's employment.

On December 15, 2023, Fitzpatrick filed in the circuit court a notice of appeal and an affidavit of substantial hardship. In her form affidavit, Fitzpatrick checked the box indicating that she was unable to pay the fees and costs of the appeal to the circuit court, and she requested that payment of those fees and costs be initially waived and taxed as costs at the conclusion of the appeal. On March 11, 2024, Judge Carole C. Smitherman, the circuit-court judge initially assigned to the appeal, entered an order that, in pertinent part, "granted" Fitzpatrick's hardship request and ordered that "[t]he prepayment of docket fees is waived."

---

"Charge Six, [Fitzpatrick] did not dispute that [she] violated the [c]ity's telework policy and failed to demonstrate that [she] [was] assigned World Games duties by [human resources] or [The World Games] staff."

3

On May 29, 2024, the city filed a motion in the circuit court seeking to intervene in Fitzpatrick's appeal. The following day, the circuit court granted the city's motion to intervene. Also on May 30, 2024, Judge Smitherman recused herself from Fitzpatrick's appeal. On June 6, 2024, Judge Elisabeth A. French, the Presiding Judge of the Jefferson Circuit Court, entered an order appointing a three-judge panel to hear the appeal.

On March 26, 2025, the city filed a motion seeking to dismiss Fitzpatrick's appeal because, it said, Fitzpatrick had failed to comply with certain provisions of the local act that created the JCPB ("the Enabling Act"). See Act No. 248, Ala. Acts 1945, which, as amended, is codified at Ala. Code 1975, § 45-37-121 et seq. (Local Laws, Jefferson County). Specifically, the city alleged that the circuit court had not acquired jurisdiction over the appeal because, it contended, Fitzpatrick had failed to file security for costs within 10 days of the announcement of the decision of the JCPB and had failed to perfect service on the JCPB's director of personnel.

On April 30, 2025, Fitzpatrick filed a response to the city's motion to dismiss, refuting both of the city's stated grounds for dismissal.

4

Fitzpatrick argued that the circuit court had granted her hardship request asserted in her affidavit on March 11, 2024, which, she implied, had negated the requirement that she file security for costs. Fitzpatrick also contended that she had perfected service of the notice of appeal to the JCPB's director of personnel by hand delivery and by service of the summons. The city filed a renewed motion to dismiss on May 5, 2025, to which Fitzpatrick responded on August 7, 2025. On August 18, 2025, the JCPB filed a motion to dismiss, pursuant to Rule 12(b), Ala. R. Civ. P. In its motion, the JCPB argued that Fitzpatrick had failed to perfect her appeal because she had failed to comply with § 22 of the Enabling Act, as amended, codified at Ala. Code 1975, § 45-37-121.19 (Local Laws, Jefferson County), which requires a party appealing a decision of the JCPB to, among other things,

> "fil[e] with the [JCPB's] director of personnel a statement in writing signed by the party appealing to the effect that the party appeals from the decision or order of the panel to the circuit court, which statement shall be filed within 10 days from the announcement of the decision or order of the panel."

§ 45-37-121.19(a).

On September 10, 2025, the circuit court entered an order disposing of the motions to dismiss that had been filed by the city and by the JCPB. That order provided:

"1. Our appellate courts have stated the following regarding appeals from agency decisions:

"'"'[A]ppeals from agency decisions are purely statutory, and the time constrictions must be satisfied.'"' Ex parte Alabama State Pers. Bd., 86 So. 3d 993, 995 (Ala. Civ. App. 2011)(quoting Davis v. Alabama Medicaid Agency, 519 So. 2d 538, 539 (Ala. Civ. App. 1987)). Our supreme court further noted in MPQ, Inc. v Birmingham Realty Co., 78 So. 3d 391, 394 (Ala. 2011), regarding a purported appeal from district court to circuit court, that

"'"**[t]he failure to file a timely notice of appeal is a jurisdictional defect that prevented the circuit court from acquiring jurisdiction over the appeal.** See Kennedy v. Merriman, 963 So. 2d 86, 88 (Ala. Civ. App. 2007). 'A court must dismiss an appeal for lack of jurisdiction if a party does not appeal within the time prescribed by statute.' Flannigan v. Jordan, 871 So. 2d 767, 770 (Ala. 2003)."'

"Smith v. City of Mobile, 203 So. 3d 885, 886 (Ala. Civ. App. 2016).

"2. The Enabling Act for appeals from decisions of the [JCPB] states the following requirements to perfect an appeal from an [o]rder of the [JCPB]:

"'The appeal shall be perfected by filing with the [JCPB's] director of personnel a statement in writing signed by the party appealing to the effect that the party appeals from the decision or order of the panel to the circuit court, which statement shall be filed within 10 days from the announcement of the decision or order of the panel; **provided further, that the party taking an appeal shall file with the clerk of the circuit court security for costs in an amount approved by any judge of the circuit court, which security for costs may consist of a cash deposit or a bond executed by such party appellant and a surety or sureties approved by the circuit clerk. Such security for costs shall be filed by the party taking the appeal within 10 days from the announcement of the decision or order of the panel.** Within 10 days from the filing of such statement of appeal the [JCPB's] director of personnel shall forward to the circuit clerk the original or copies of charges preferred and the answer filed to such charges and a complete transcript of all the proceedings before the panel at such hearing. In the event the director is unable to complete such transcript of all proceedings within 10 days, the presiding judge of the circuit court shall allow the director such additional time as may be necessary to do so. In the event copies of the charges and answer are forwarded to the circuit clerk instead of the originals, the director of personnel shall certify that the copies are true and correct copies of the originals. The personnel board shall make no charge for furnishing the copy of the record required by the circuit court.'

"Ala. Code § 45-37-121.19 (1975) ....

7

"3.    Much of the focus of the [p]arties' briefing on these motions to dismiss has been on whether [Fitzpatrick] timely delivered to the [d]irector of the [JCPB] a written statement of her intent to appeal. And affidavits were submitted by the [p]arties that create a question of fact on that issue.

"4.    However, [the city] also pointed out that [Fitzpatrick] has not filed with the Circuit Court Clerk security for costs. There is no dispute that this was not done within the 10-day [period] stated by Ala. Code § 45-37-121.19 (1975) and, to date, still has not been done.

"5.    We FIND that, since the requirement for filing security for costs is contained within the same sentence in Ala. Code § 45-37-121.19 (1975) and is stated with the same imperative 'shall' as the requirement for delivery of a written statement of intent to appeal, the same jurisdictional defect ensues from a failure to timely file acceptable security for costs with the Clerk of Court.

"6.    Accordingly, we conclude that this [c]ourt lacks the jurisdiction to hear this appeal, Kennedy v. Merriman, 963 So. 2d at 88, and this appeal must be dismissed, Flannigan v. Jordan, 871 So. 2d at 770.

"7.    Therefore, the ... motions to dismiss are due to be and are hereby GRANTED: This case is hereby DISMISSED with prejudice, costs taxed as paid."

(Bold typeface and capitalization in original.)

On September 10, 2025, Fitzpatrick filed a postjudgment motion seeking to set aside the circuit court's dismissal order and to reinstate the appeal.  That motion was denied on September 30, 2025.  On October 22, 2025, Fitzpatrick filed a notice of appeal to our supreme court, which

8

transferred the appeal to this court as being within this court's original appellate jurisdiction. See Ala. Code 1975, § 12-3-10.

Section 22 of the Enabling Act, as amended, provides that "there shall be no appeal to any appellate court of Alabama" from a decision of the three-judge panel. § 45-37-121.19(b).

> "Nevertheless, as we noted in Ex parte Dixon, 841 So. 2d 1273 (Ala. Civ. App. 2002), a party aggrieved by a circuit-court decision in such a matter is not without a remedy in the appellate courts; he or she may file a petition for a writ of certiorari in this court, as to which the appropriate standard of review limits this court to '"a review of whether the circuit court properly applied the law,"' '"whether the decision is supported by any legal evidence,"' and '[whether] there ha[s] been [a] violation of a party's fundamental rights.'"

Ex parte Chambers, 137 So. 3d 912, 915-16 (Ala. Civ. App. 2013) (citations omitted). Thus, we treat Fitzpatrick's appeal from the circuit court's order dismissing her appeal as a petition for a writ of certiorari.

Turning to Fitzpatrick's substantive argument, her sole contention before this court is that the circuit court erred in ruling that it lacked jurisdiction over her appeal due to her failure to file security for costs. Fitzpatrick specifically contends that, because she filed her appeal to the circuit court, along with her affidavit of substantial hardship, within 10 days of the JCPB's announcement of its decision, Rule 24, Ala. R. App.

9

P., operated to negate her obligation to post security to perfect her appeal.[2] We disagree.

In <u>State of Alabama Department of Revenue v. Welding Engineering & Supply Co.</u>, 452 So. 2d 1340 (Ala. Civ. App. 1984), this court examined the applicability of the rules of appellate procedure to an appeal from a decision of an administrative agency. In <u>Welding</u>, a taxpayer appealed from a final lease-tax assessment entered by the Alabama Department of Revenue ("the Department"). 452 So. 2d at 1341. The Department moved to dismiss the appeal on the ground that the taxpayer had failed to file a timely notice of appeal, and the Mobile

---

[2]Rule 24(a) provides:

"A party to an action in a court who desires to proceed on appeal in forma pauperis shall file in the trial court a motion for leave so to proceed, together with an affidavit showing, in the detail prescribed by Form 15 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that he or she is entitled to redress, and a statement of the issues which the party intends to present on appeal. If the motion is granted, the party may proceed without further application to the appellate court and without prepayment of fees or costs in either court or the giving of security therefor. If the motion is denied, the trial court shall state in writing the reasons for the denial."

Circuit Court denied that motion and, ultimately, ruled in favor of the taxpayer. The Department then appealed.

On appeal to this court, the taxpayer argued that Rule 25(a), Ala. R. App. P., should govern the matter because that rule provided that the filing of appellate papers required or permitted to be filed with the appellate clerk are deemed to be filed on the day of mailing if certified or registered mail is utilized in transmitting the papers to the clerk of the appellate court. 452 So. 2d at 1342. This court stated:

> "We disagree with that contention for the reasons which follow.
>
> "'Contrary to the defendants' argument, Rule 25(a), [Ala. R. App. P.,] does not apply to all filings, but only to filings in an appellate court. That rule does not allow a certified mailing date as this was to be deemed the filing date in a trial court.' Holmes v. Powell, 363 So. 2d 760, 762 (Ala. 1978). That rationale is equally applicable to the required filing of the notice of appeal with the secretary of the department.
>
> "Since compliance with the provisions of [Ala. Code 1975,] § 40-2-22, ... is jurisdictional, that code section applies and Rule 25(a) does not provide the mechanism by which a party may invoke the jurisdiction of the circuit court over such a tax appeal. To apply the Alabama Rules of Appellate Procedure so as to find an external exception to the jurisdictional time requirements of § 40-2-22 would constitute an unauthorized extension of jurisdiction. Holmes v. Powell, supra; Mitchell v. State, [351 So. 2d 599, 601 (Ala. Civ. App.

11

1977)]; <u>State v. Empire Building Company, Inc.</u>, [46 Ala. App. 565, 246 So. 2d 454 (1971)].

> "When the legislature has prescribed the means and method of perfecting an appeal from a tax assessment to the circuit court, that procedure must be followed. The legislature requires the filing of a notice of appeal with the secretary of the department within the specified thirty-day period. That means that mailing was not enough but that the notice had to be actually received by the secretary of the department before it was filed. <u>Holmes v. Powell</u>, <u>supra</u>. In that case, it was stated, '[I]t is obvious from a comparison of the Rules and the authorities that, in connection with filing a notice of appeal, the hazards of mail traffic have been studiously avoided.' 363 So. 2d at 762."

452 So. 2d at 1342-43.

In <u>Ex parte Alabama Department of Labor</u>, 214 So. 3d 356 (Ala. Civ. App. 2015), the Alabama Department of Labor ("the ADOL") petitioned this court for a writ of mandamus directing the Tallapoosa Circuit Court to grant its motion to dismiss an appeal filed in the Tallapoosa Circuit Court by Charter HR, Inc. ("Charter"), which appeal sought the review of an administrative determination and final assessment by the ADOL that imposed unemployment-compensation taxes against Charter. Charter generally argued that the procedural aspects of its appeal from the administrative proceedings to the Tallapoosa Circuit Court were governed by the Alabama Rules of

12

Appellate Procedure. 214 So. 3d at 361. Charter specifically argued that,

pursuant to Rule 4, Ala. R. App. P., it had had 42 days to appeal the

decision of the ADOL, instead of the 30 days provided in Ala. Code 1975,

§ 25-4-134(c)(3)b. Id. Relying on our analysis from Welding, supra, this

court concluded:

> "[T]he legislature has prescribed the means and method for
> perfecting an appeal to a circuit court from an administrative
> determination and final assessment by ADOL for
> unemployment-compensation taxes in [Ala. Code 1975,] § 25-
> 4-134(c)(3)b. Rule 4, Ala. R. App. P., on the other hand,
> applies to appeals made to an appellate court. Therefore, the
> 42-day period prescribed in that rule is inapplicable to
> appeals taken pursuant to § 24-4-134(c)(3)b."

214 So. 3d at 362.

In the current case, § 22 of the Enabling Act, as amended, provides:

> "The appeal shall be perfected by filing with the director of
> personnel a statement in writing signed by the party
> appealing to the effect that said party appeals from the
> decision or order of the [JCPB] to the circuit court, which
> statement shall be filed within 10 days from the
> announcement of the decision or order of the [JCPB]; provided
> further, that the party taking an appeal shall file with the
> clerk of the circuit court security for costs in an amount
> approved by any judge of said circuit court, which security for
> costs may consist of a cash deposit or a bond executed by such
> party appellant and a surety or sureties approved by the said
> circuit clerk. Such security for costs shall be filed by the party
> taking the appeal within 10 days from the announcement of
> the decision or order of the [JCPB]."

§ 45-37-121.19(a). Because the legislature has prescribed the means and procedure to appeal decisions of the JCPB to the circuit court, and because the prescribed procedure to perfect such an appeal requires an appellant to "file with the clerk of the circuit court security for costs in an amount approved by any judge of said circuit court" which "shall be filed by the party taking the appeal within 10 days from the announcement of the decision or order of the [JCPB]," § 45-37-121.19(a), we reject Fitzpatrick's contention that the provisions of Rule 24 governing in forma pauperis status in the appellate courts apply to appeals from decisions of the JCPB to the circuit court. Welding, supra; Ex parte Alabama Dep't of Labor, supra; see also Rule 1, Ala. R. App. P. (providing that the rules of appellate procedure "govern appeals to the Supreme Court, the Court of Civil Appeals, and the Court of Criminal Appeals, and proceedings on petitions for writs or other relief which th[ose] courts or judges thereof are empowered to grant").

Rule 28(a)(10), Ala. R. App. P., requires an appellant arguing that a trial court has committed a reversible legal error to present this court with relevant legal authority showing that error; if the appellant fails to do so, the appellant waives the argument. See Moore v. Prudential

Residential Servs. Ltd. P'ship, 849 So. 2d 914, 923 (Ala. 2002). This court has no duty to "address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument." Dykes v. Lane Trucking, Inc., 652 So. 2d 248, 251 (Ala. 1994) (declining to consider argument that employment-at-will doctrine violated Equal Protection Clause of Fourteenth Amendment to the United States Constitution when argument was unsupported by any relevant legal authority). Because Fitzpatrick relies exclusively on Rule 24(a) to support her sole contention on appeal, and because that rule had no application to the appeal to the circuit court from the JCPB's decision, we do not further consider Fitzpatrick's jurisdictional argument. Welding, supra; Ex parte Alabama Dep't of Labor, supra. Accordingly, we deny the petition for a writ of certiorari.

PETITION DENIED.

Moore, P.J., and Hanson, Fridy, and Bowden, JJ., concur.

15