Rel: June 26, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

## CL-2026-0240

_____

## Ex parte Jennifer Henderson

## PETITION FOR WRIT OF MANDAMUS

## (In re: Michael Brandon Henderson

## v.

## Jennifer Henderson)

## (Mobile Circuit Court: DR-25-900330)

FRIDY, Judge.

Jennifer Henderson ("the mother") petitions this court for a writ of mandamus directing the Mobile Circuit Court to dismiss a divorce action commenced against her by Michael Brandon Henderson ("the father") for

lack of subject matter jurisdiction and/or personal jurisdiction. Because the circuit court denied the mother's motions to dismiss before the father proved the facts demonstrating jurisdiction, we grant the mother's petition in part and issue a writ of mandamus directing the circuit court to vacate its orders denying the mother's motions to dismiss, and we direct the circuit court to conduct further proceedings to determine its jurisdiction consistent with this opinion.

Background

On April 2, 2025, the father initiated a divorce action in the circuit court ("the Alabama action"). According to the complaint, the parties were married in February 2010, and three children were born of the marriage: M.H. in 2013, Mi.H. in 2015, and S.H. in 2017. The father alleged that he was an Alabama resident and that he had been an Alabama resident for six months preceding the filing of his complaint. He also alleged that the mother was residing in Hawaii at that time. It is undisputed that M.H., Mi.H., and S.H. ("the children") resided with the mother at all relevant times.

According to the mother's mandamus petition, she initiated a divorce action in Texas on June 2, 2025 ("the Texas action"). On July 3,

2

2025, and July 5, 2025, the mother attempted to serve process on the father, but she was not successful. Accordingly, the Texas district court permitted her to complete service of process on the father by attaching the citation and complaint in the Texas action to the door of the father's residence in Alabama.

On July 14, 2025, the father filed a motion in the Alabama action for permission to serve process on the mother by publication. In that motion, the father asserted that he had not been able to successfully serve process on the mother in Hawaii. He further asserted that he believed the mother was residing in Texas but that he had no way of verifying her residence. The circuit court granted the father's motion the next day. Thereafter, the father published notice of the Alabama action in newspapers in Mobile County; in Denton County, Texas; and in Collin County, Texas.

On August 8, 2025, the Texas district court entered a default final decree of divorce in the Texas action. On December 15, 2025, the father filed a petition for a bill of review in the Texas district court, requesting that the Texas district court set aside the default decree and set the

matter for a new trial. It does not appear from the materials before us that the Texas district court ruled on the father's motion.

On January 9, 2026, the father filed a motion in the Alabama action for the circuit court to hold a judicial conference with the Texas district court under the Alabama Uniform Child Custody Jurisdiction and Enforcement Act ("the UCCJEA"), § 30-3B-101 et seq., Ala. Code 1975, to determine which court had jurisdiction over the parties. The circuit court granted that motion. On February 2, 2026, the circuit court held a conference with the Texas district court. On February 11, 2026, the Texas district court entered an order dismissing the Texas action. The same day, the circuit court entered an order finding that it had jurisdiction over the parties and the children, and it set the matter for a trial to be held on April 2, 2026. On February 16, 2026, the father attempted service of process on the mother but was again unsuccessful.

On March 18, 2026, the father moved to compel discovery in the Alabama action. The same day, the mother entered a limited appearance and filed multiple motions to dismiss the Alabama action. First, the mother moved to dismiss the Alabama action for lack of subject matter jurisdiction under § 30-2-5, Ala. Code 1975, because, she argued, she was

not an Alabama resident when the father filed his complaint and because, she said, the father was not an Alabama resident during the six months before the father filed his complaint. Second, the mother moved to dismiss the Alabama action for lack of subject matter jurisdiction under the UCCJEA because, according to her, Texas was the children's home state because the children had resided there since 2017 and because Texas courts had already exercised jurisdiction over the children. Third, the mother moved to dismiss the Alabama action for lack of personal jurisdiction because, she maintained, she had not consented to personal jurisdiction and did not have minimum contacts with Alabama to permit the exercise of personal jurisdiction by Alabama courts. The mother also moved to quash the father's service of process by publication. In that motion, the mother asserted that service by publication was improper because the father had maintained contact with her both before and after the date of publication and because the father had failed to demonstrate that he could not ascertain her residence with reasonable diligence. Finally, the mother filed a response to the father's motion to compel discovery, arguing that his motion was premature because of her pending

motions to dismiss and that she had not been properly served with the father's discovery requests.

The next day, the circuit court denied the mother's motions to dismiss and to quash the father's service by publication. The circuit court also granted the father's motion to compel discovery and ordered the mother to respond to the father's discovery requests. The mother then moved for an extension of time to respond to the father's discovery requests. On March 23, 2026, the circuit court denied that motion.

On March 27, 2026, the mother filed her petition for a writ of mandamus in this court. On March 31, 2026, this court stayed further proceedings in the circuit court.

## Standard of Review

> "'"Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."'"

Ex parte A.M.P., 997 So. 2d 1008, 1014 (Ala. 2008) (quoting Ex parte Perfection Siding, Inc., 882 So. 2d 307, 309-10 (Ala. 2003), quoting in turn Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala. 1995)).

6

Analysis

In her petition, the mother contends that she is entitled to a writ of mandamus directing the circuit court to dismiss the Alabama action for lack of both subject matter jurisdiction and personal jurisdiction. We address the mother's arguments regarding subject matter jurisdiction first.

1. Subject matter jurisdiction

The mother contends that the circuit court lacked subject matter jurisdiction over the Alabama action for two reasons. First, she contends that the circuit court lacked subject matter jurisdiction under § 30-2-5, Ala. Code 1975, because, according to her, the father was not an Alabama resident during the six months immediately preceding the initiation of the Alabama action. Second, she contends that the circuit court lacked subject matter jurisdiction under the UCCJEA. We consider each argument in turn.

a. § 30-2-5

Section 30-2-5 provides that, "[w]hen the defendant [in a divorce action] is a nonresident, the other party to the marriage must have been a bona fide resident of this state for six months next before the filing of

7

the complaint, which must be alleged in the complaint <u>and proved</u>." (Emphasis added.) This court has held that, "[i]f the residency requirements set forth in § 30-2-5 are not met, the trial court lacks jurisdiction over the divorce action." <u>Alsaikhan v. Alakel</u>, 173 So. 3d 925, 927 (Ala. Civ. App. 2015).

It is undisputed that the mother is not a resident of Alabama. Accordingly, the father had to comply with the requirements of § 30-2-5. The father satisfied § 30-2-5's pleading requirement by alleging that he "is a bona fide resident citizen of Mobile County, Alabama[,] and has been such for more than six (6) months preceding the filing of this complaint."

However, § 30-2-5 also requires the father to prove his residency in Alabama during the six months preceding the filing of his complaint. Ordinarily, a plaintiff is not required to prove his or her allegations until trial. However, because the mother challenged the circuit court's subject matter jurisdiction, the father's burden to prove his residency in order to demonstrate jurisdiction arose when she filed her motion to dismiss under § 30-2-5. Our supreme court has held:

> "'The burden of establishing the existence of subject-matter jurisdiction falls on the party invoking that jurisdiction.' <u>Crutcher v. Williams</u>, 12 So. 3d 631, 635 (Ala. 2008). Once a defendant has moved to dismiss a case for lack

8

of subject-matter jurisdiction, the plaintiff is then required to establish the '"'factual predicates of jurisdiction by a preponderance of the evidence.'"' Ex parte Safeway Ins. Co. of Alabama, Inc., 990 So. 2d 344, 349 (Ala. 2008) (citations omitted)."

Ex parte Mobile Cnty. Bd. of Equalization, 369 So. 3d 1038, 1042 (Ala. 2022) (plurality opinion).

In Ex parte Safeway Insurance Company of Alabama, Inc., 990 So. 2d 344 (Ala. 2008), our supreme court differentiated between facial challenges to subject matter jurisdiction, in which the challenging party seeks to demonstrate that the trial court lacks subject matter jurisdiction from the face of the pleadings, and factual challenges, in which the challenging party "disputes the factual allegations in the complaint that form the basis for a court's subject matter jurisdiction." 990 So. 2d at 350. Here, the mother challenged the father's allegation that he had resided in Alabama during the six months preceding the commencement of the Alabama action. Accordingly, the mother's motion to dismiss based on her contention that the father did not reside in Alabama during that six-month period was a factual challenge to the circuit court's subject matter jurisdiction.

Unlike in a facial challenge, in which the trial court must accept the allegations of the complaint as true, a trial court considering a factual challenge to its subject matter jurisdiction must consider "evidence beyond the face of the complaint." Id. As the supreme court explained:

> "'[A] court deciding a Rule 12(b)(1)[, Ala. R. Civ. P.,] motion asserting a factual challenge "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." [Phoenix Consulting, Inc. v. Republic of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000).] In such situations, "the plaintiff's jurisdictional averments are entitled to no presumptive weight; the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties." Erby[ v. United States], 424 F. Supp. 2d [180,] 181 [(D.D.C. 2006)] (internal quotations omitted); see also Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. [1977]) (holding that a court ruling on a factual challenge to its jurisdiction is not required to accept the plaintiff's factual allegations as true, but rather "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case ... and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims").'"

Id. (quoting Lindsey v. United States, 448 F. Supp. 2d 37, 42-43 (D.D.C. 2006)).

Here, the mother moved to dismiss the Alabama action for lack of subject matter jurisdiction before the father submitted any evidence. The only facts before the circuit court were the allegations in the father's

complaint and other factual assertions in the father's motion for a UCCJEA conference, none of which were evidence.[1] Thus, to defeat the mother's motion to dismiss under § 30-2-5, the father needed to submit in response to her motion evidence establishing his Alabama residency by a preponderance of the evidence. In the absence of such evidence, the mother would ordinarily be entitled to dismissal of the Alabama action. As our supreme court has noted:

> "When a defendant seeks from [an appellate court] a writ of mandamus directing a trial court to dismiss an action for lack of subject-matter jurisdiction, the defendant establishes a clear legal right to dismissal if the plaintiff has failed to prove subject-matter jurisdiction below. Ex parte Safeway [Ins. Co. of Alabama, Inc.], 990 So. 2d [344,] 352 [(Ala. 2008)]."

---

[1]We acknowledge that the father verified his complaint and that a verified complaint can be treated as an affidavit in some contexts. Ex parte Quinlan, 922 So. 2d 914, 917 (Ala. 2005). Here, however, the father's conclusory allegation that he was an Alabama resident for more than six months preceding the filing of his complaint does not appear sufficient to meet his burden under Ex parte Mobile County Board of Equalization, 369 So. 3d 1038 (Ala. 2022) (plurality opinion), and Ex parte Safeway Insurance Company of Alabama, Inc., 990 So. 2d 344 (Ala. 2008), to prove his residency for purposes of establishing the circuit court's subject matter jurisdiction by a preponderance of the evidence. Because, under Safeway, a trial court adjudicating a factual challenge to subject matter jurisdiction must consider "evidence beyond the face of the complaint," 990 So. 2d at 350, the circuit court here could not have relied on the conclusory allegations of the father's verified complaint as evidence of his residency.

Ex parte Mobile Cnty. Bd. of Equalization, 369 So. 3d at 1042 n.4 (plurality opinion).

Here, however, it does not appear that the father ever had an opportunity to submit evidence proving his Alabama residency. In other contexts, this court has held that, when the plaintiff's burden to present evidence in support of the allegations in his or her complaint is triggered by a defendant's motion (such as a summary-judgment motion), due process requires that the plaintiff be given a reasonable opportunity to present that evidence. For instance, in Reese v. Bolling, 290 So. 3d 821 (Ala. Civ. App. 2019), this court reversed a judgment dismissing an action because the trial court considered evidence that the defendant had attached to the motion to dismiss without notifying the plaintiff of its intent to convert the motion into one for a summary judgment. This court reasoned that the plaintiff was entitled to an opportunity to present evidence in support of his claims before the trial court ruled on the defendant's motion.

Like the converted summary-judgment motion in Reese, the mother's motion to dismiss under § 30-2-5 triggered the father's burden to present evidence of his Alabama residency. However, rather than

permit the father to present such evidence, the circuit court denied the mother's motion to dismiss the day after it was filed. Thus, the father did not have a reasonable opportunity to submit any evidence establishing his Alabama residency before the circuit court ruled on the mother's motion to dismiss.[2]

In her reply brief, the mother contends that the father's argument that he did not have an opportunity to submit evidence in response to her motions to dismiss was not credible. In support of that argument, the mother points to the facts that the father initiated and actively participated in the Alabama action. She also points to the fact that he

_____

[2]Nearly a month after the mother filed her mandamus petition and this court entered an order staying the proceedings below, the father filed a motion for limited relief from this court's stay order to allow him to file an affidavit responding to the mother's motions to dismiss, and he attached that affidavit to his petition. In that affidavit, the father testified that he resided in Alabama during the six months preceding the filing of his complaint in the Alabama action. However, because that affidavit was not before the circuit court at the time the circuit court ruled on the mother's motion to dismiss, we cannot consider it on review by mandamus. See Ex parte Alabama Dep't of Labor, 214 So. 3d 356, 360 (Ala. Civ. App. 2015) (refusing to consider affidavits pertaining to an issue implicating subject matter jurisdiction because those affidavits were not before the trial court at the time of its ruling). See also Ex parte Cincinnati Ins. Co., 51 So. 3d 298, 310 (Ala. 2010) ("[I]n a mandamus proceeding, [an appellate court] will not consider evidence not presented to the trial court."). Accordingly, we deny the father's motion for relief from the stay entered by this court.

13

filed a discovery motion on the same date that she filed her motions to dismiss. It should go without saying that the father's general participation in the Alabama action does not preclude him from arguing that he could not reasonably respond to the mother's motions to dismiss within one day.

Because it was error for the circuit court to deny the mother's motion to dismiss under § 30-2-5 in the absence of evidence of the father's Alabama residency, the mother has a clear legal right to a writ of mandamus vacating the order denying her motion to dismiss. However, because the father did not have a reasonable opportunity to submit the evidence required by § 30-2-5, due process requires that he be afforded a reasonable opportunity to submit such evidence. Thus, the mother does not demonstrate that she has a clear legal right to dismissal of the Alabama action under § 30-2-5 at this stage of the proceedings.

### b. The UCCJEA

Next, the mother contends that the circuit court lacked subject matter jurisdiction over the Alabama action under the UCCJEA. She challenges the circuit court's jurisdiction under § 30-3B-201, § 30-3B-206, and § 30-3B-110, Ala. Code 1975. We address each argument in turn.

14

## i. § 30-3B-201

Section 30-3B-201 of the UCCJEA provides:

"(a) Except as otherwise provided in Section 30-3B-204,[Ala. Code 1975,][3] a court of this state has jurisdiction to make an initial child custody determination only if:

"(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

"(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 30-3B-207 or 30-3B-208, [Ala. Code 1975,][4] and:

"a. The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this

_____

[3]Section 30-3B-204, Ala. Code 1975, provides for temporary emergency jurisdiction under limited circumstances that are not applicable here.

[4]Section 30-3B-207, Ala. Code 1975, permits a court to decline jurisdiction if it determines that it is an inconvenient forum and that a court of another state is a more appropriate forum. Section 30-3B-208, Ala. Code 1975, requires a court to decline jurisdiction if it determines that a person seeking to invoke its jurisdiction has engaged in unjustifiable conduct.

state other than mere physical presence; and

"b. Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

"(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 30-3B-207 or 30-3B-208; or

"(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3)."

The UCCJEA defines "home state" as

"[t]he state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. … A period of temporary absence of the child or any of the mentioned persons is part of the period."

§ 30-3B-102(7), Ala. Code 1975.

In her petition, the mother contends that Texas, not Alabama, has jurisdiction under the UCCJEA because Texas was the children's home state under Texas's version of § 30-3B-201(a)(1). In support of her argument, the mother points to evidence indicating that the children were enrolled as full-time students in a Texas school between September

16

2024 and December 2024, which is about the time that the father contends the mother took the children to Hawaii. The mother also contends that the children's time in Hawaii was a temporary absence that did not affect the children's residency in Texas,[5] and she submitted evidence indicating that her time in Hawaii was for a temporary work assignment. For instance, the text exchanges the mother submitted indicate that, on February 26, 2025, the father texted the mother: "Wen [sic] with [sic] the kids be back[?] [I]ts [sic] been too long[;] I wanna [sic] see my babies[.]" The mother responded: "When I get released from this deployment." (Emphasis added.) On May 25, 2025, in response to another inquiry from the father, the mother responded: "I understand you miss the kids. As I've mentioned before, they will return home with me after my work assignment ends, and I will reach out to discuss a visitation schedule." (Emphasis added.) Further, the father's bill of review that he filed in the Texas action stated that, in April 2025, the mother "was working in Hawaii." Because the mother's evidence indicates an intent

---

[5]Although the mother makes this argument for the first time in her reply brief, "arguments related to a court's subject-matter jurisdiction may be raised at any time." N.Z. v. J.C., 296 So. 3d 869, 872 (Ala. Civ. App. 2019).

that she would return home after her work assignment was over, that evidence could support the conclusion that the children's presence in Hawaii was a temporary absence. See Ex parte Butcher, 297 So. 3d 442 (Ala. Civ. App. 2019) (holding that mother and child's time in Ohio during father's six-month deployment to Africa was a temporary absence and that Alabama remained the child's home state). Thus, the mother submitted evidence indicating that the children were either living in Texas or temporarily absent in Hawaii during the six months preceding the initiation of the Alabama action.

Accordingly, as noted above, the mother's motion to dismiss challenging the circuit court's subject matter jurisdiction under the UCCJEA triggered the father's burden to demonstrate that Texas was not the children's home state. Ex parte Mobile Cnty. Bd. of Equalization, 369 So. 3d at 1042 (plurality opinion). However, because the circuit court denied the mother's motion the day after it was filed, the father did not have a reasonable opportunity to submit evidence demonstrating that Texas was not the children's home state.

In his brief, the father argues that Texas was not the children's home state and that the circuit court had jurisdiction under § 30-3B-

18

201(a)(2) and (a)(4). However, other than his argument that the children lived in Hawaii for four of the six months preceding the filing of his complaint, which, as noted above, appears to have been a temporary absence, the father points to nothing that undermines the mother's evidence that Texas was the children's home state. Further, the evidence to which the father points in support of his arguments that jurisdiction is proper in Alabama in the absence of a home state under § 30-3B-201(a)(2) and (a)(4) is his affidavit that he filed after this court entered its order staying the proceedings below. As noted above, we cannot consider that affidavit in reviewing the circuit court's denial of the mother's motion to dismiss because it was not before the circuit court at that time.

The father also argues that, regardless of whether Texas is the children's home state, the circuit court had subject matter jurisdiction under § 30-3B-201(a)(3) because the Texas district court dismissed the Texas action after concluding that it did not have jurisdiction over the parties.[6] Under that Code section, an Alabama court may exercise

_____

[6]Because the father primarily relies on the transcript of the UCCJEA conference and the Texas district court's order dismissing the Texas action for lack of subject matter jurisdiction in his argument that

jurisdiction to make an initial child-custody determination if a court of the child's home state "ha[s] declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under [Ala. Code 1975, §§] 30-3B-207 or 30-3B-208." As noted above, § 30-3B-207, Ala. Code 1975, permits a court to decline jurisdiction if it determines that it is an inconvenient forum and that a court of another state is a more appropriate forum. Section 30-3B-208, Ala. Code 1975, requires a court to decline jurisdiction if it determines that a person seeking to invoke its jurisdiction has engaged in unjustifiable conduct. The father argues that the Texas district court could have declined jurisdiction under either section of the UCCJEA.

First, the father contends that the Texas district court declined jurisdiction because it determined that it was an inconvenient forum and that the circuit court was a more appropriate forum under § 30-3B-207. However, the father's argument is not supported by the transcript of the

the circuit court had subject matter jurisdiction under the UCCJEA, and because that transcript and the Texas district court's order was available to the circuit court at the time it ruled on the mother's motion to dismiss, this issue does not involve the father's failure or lack of opportunity to present evidence in response to the mother's motion to dismiss.

UCCJEA conference or the Texas district court's order dismissing the Texas action for lack of subject matter jurisdiction. During that conference, the Texas district court told the circuit court: "And I think probably the, you know, premier contacts with any jurisdiction are your jurisdiction. So I believe you have the honor, sir, of keeping this case." The Texas district court's statement that the "premier contacts" were with Alabama does not satisfy § 30-3B-207's requirement that the court of the home state determine that it is an inconvenient forum. Similarly, in its order dismissing the Texas action, the Texas district court simply stated that it "does not have jurisdiction over these parties." Nothing in that order indicates that the Texas district court determined that it was an inconvenient forum. Accordingly, the father has not demonstrated that the circuit court had jurisdiction under § 30-3B-201(a)(3) because the Texas district court could have declined jurisdiction under the Texas counterpart of § 30-3B-207.[7]

---

[7]The father relies on an order entered by the Texas district court on April 2, 2026, vacating an ex parte temporary restraining order that it had entered and dismissing the mother's application for a temporary restraining order. In that order, the Texas district court found that Alabama was a more convenient forum. However, that order cannot serve as a basis for the circuit court's denial of the mother's motion to dismiss for lack of jurisdiction under the UCCJEA because that order was

Second, the father argues that the Texas district court could have concluded that the mother's conduct in concealing the children from him was unjustified. However, § 30-3B-208 requires a court to decline jurisdiction if that court "has jurisdiction … <u>because</u> a person seeking to invoke its jurisdiction has engaged in unjustifiable conduct.…" (Emphasis added.) As noted above, it appears that the Texas district court had jurisdiction to make an initial child-custody determination under the UCCJEA because it was the children's home state at the time the father commenced the Alabama action. The father does not demonstrate that Texas became the children's home state because of any unjustifiable conduct on the mother's part. Even if the father's allegation that the mother unjustifiably concealed the children's location from him is true, that conduct had nothing to do with Texas allegedly becoming the children's home state. Further, nothing in the transcript of the UCCJEA conference or the Texas district court's order declining jurisdiction indicates that it determined that it had jurisdiction because the mother

---

entered after the circuit court denied the mother's motion. As noted above, on mandamus review, we will not consider evidence that was not before the circuit court. <u>Ex parte Cincinnati Ins. Co.</u>, 51 So. 3d 298, 310 (Ala. 2010).

22

had engaged in unjustifiable conduct. Accordingly, the father does not demonstrate that the circuit court had jurisdiction under § 30-3B-201(a)(3) because the Texas district court could have declined jurisdiction under the Texas counterpart of § 30-3B-208.

In summary, the father has not demonstrated that the circuit court had jurisdiction under § 30-3B-201(a)(3) because he failed to demonstrate that the Texas district court declined jurisdiction under either § 30-3B-207 or § 30-3B-208. Thus, the father has failed to demonstrate that the Texas district court's dismissal of the Texas action is dispositive.[8]

Thus, at this stage of the proceedings, the father has not satisfied his burden to establish subject matter jurisdiction under the UCCJEA. Accordingly, under Ex parte Mobile County Board of Equalization (plurality opinion), the mother has a clear legal right to a writ of

---

[8]During the pendency of this petition, the mother moved to submit limited supplemental materials, including the Texas district court's February 11, 2026, order vacating its default judgment in the Texas action. In that motion, the mother argues that the Texas district court's order was void because, according to her, it was entered "well beyond the expiration of the [Texas district court's] plenary power." We cannot consider her argument because any challenge to the Texas district court's order is outside the scope of this court's original and appellate jurisdiction. See Harper v. Green, [Ms. CL-2025-0433, Oct. 24, 2025] ___ So. 3d ___, ___ n.1 (Ala. Civ. App. 2025). Accordingly, we deny the mother's motion.

23

mandamus directing the circuit court to vacate its order denying the mother's motion to dismiss. Nevertheless, because the father never had a reasonable opportunity to present evidence demonstrating that the circuit court had subject matter jurisdiction under § 30-3B-201(a)(2) or (a)(4), the mother is not entitled to a writ of mandamus directing the circuit court to dismiss the Alabama action for lack of subject matter jurisdiction.

### ii. § 30-3B-206

The mother also contends that the circuit court lacked subject matter jurisdiction under § 30-3B-206 because the Texas district court exercised jurisdiction and entered orders concerning the children. The mother's argument fails on its face.

Section § 30-3B-206 provides, in relevant part:

> "(a) Except as otherwise provided in Section 30-3B-204, [Ala. Code 1975,] a court of this state may not exercise its jurisdiction under this article [i.e., Article 2 of the UCCJEA] if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with [the UCCJEA], unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under Section 30-3B-207[, Ala. Code 1975]."

24

The relevant time for determining a trial court's jurisdiction under § 30-3B-206 is the time of the commencement of the proceeding. Here, the time for determining whether the circuit court had jurisdiction under that Code section is April 2, 2025, when the father commenced the Alabama action. The mother does not identify any action of the Texas district court exercising jurisdiction or entering orders concerning the parties until June 2, 2025, when the mother commenced the Texas action.[9] Instead, she points to a temporary restraining order entered by the Texas district court on March 19, 2026. However, as noted above, that order was entered almost a year after the father commenced the Alabama action. Because the mother does not demonstrate that the Texas district court had exercised jurisdiction when the father commenced the Alabama action, her argument that the circuit court lacked jurisdiction under § 30-3B-206 fails.

---

[9]Although the parties had previously initiated a divorce action in Texas in 2024, the Texas district court dismissed that action in December 2024 for failure to prosecute. Because that proceeding was terminated before the father commenced the Alabama action, that proceeding does not preclude the circuit court from exercising jurisdiction under § 30-3B-206, Ala. Code 1975.

25

### iii. § 30-3B-110

Finally, the mother challenges the circuit court's determination that it had subject matter jurisdiction based on its UCCJEA conference with the Texas district court.[10] The mother's argument appears to be aimed both at the circuit court's denial of her motion to dismiss for lack of subject matter jurisdiction under the UCCJEA and the circuit court's February 11, 2026, order determining that it had jurisdiction and setting the case for trial.

The mother contends that the UCCJEA conference did not comply with the UCCJEA's requirements governing communications between courts. The UCCJEA provides:

> "(a) A court of this state may communicate with a court in another state concerning a proceeding arising under [the UCCJEA].
>
> "(b) The court may allow the parties to participate in the communication. <u>If the parties are not able to participate in the communication, they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made</u>.

---

[10]As noted above, to the extent that the mother challenges the Texas district court's determination that it lacked subject matter jurisdiction, any challenge to that decision is outside the scope of this court's original and appellate jurisdiction. <u>See</u> <u>Harper v. Green</u>, [Ms. CL-2025-0433, Oct. 24, 2025] ___ So. 3d ___, ___ n.1 (Ala. Civ. App. 2025).

"(c) Communication between courts on schedules, calendars, court records, and similar matters may occur without informing the parties. A record need not be made of the communication.

"(d) Except as otherwise provided in subsection (c), a record must be made of a communication under this section. The parties must be informed promptly of the communication and granted access to the record.

"(e) For the purposes of this section, 'record' means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form."

§ 30-3B-110 (emphasis added).

Here, the mother contends that, because she did not participate in the communication between the circuit court and the Texas district court, she was entitled to an opportunity to present facts and legal arguments before any decision on jurisdiction was made under subsection (b) of § 30-3B-110. She contends that, because she did not have such an opportunity, the circuit court's decision to exercise jurisdiction was void.

However, the mother's argument that she had no opportunity to present facts and legal argument before the circuit court made its decision on jurisdiction is premised on her argument that she was never properly served. As explained below, the mother was properly served with process by publication. Further, the father's motion for the UCCJEA

27

conference included a certification that it was served on the mother. Accordingly, the mother had at least constructive notice of the UCCJEA conference before it occurred. Further, the circuit court's February 11, 2026, order determining that it had jurisdiction indicated that the father's counsel was present for the UCCJEA conference. It appears that the mother also could have been present had she chosen to be. Further, even if the parties' presence at the UCCJEA conference would not have been a sufficient opportunity for the mother to present facts and legal argument, over a week transpired between the UCCJEA conference and the circuit court's decision on jurisdiction. The mother had an opportunity to present facts and legal argument in a motion to dismiss based on lack of jurisdiction during that time, but she did not take that opportunity.

Accordingly, the mother has not demonstrated that she is entitled to a writ of mandamus directing the circuit court to vacate its February 11, 2026, order determining that it had jurisdiction or to dismiss the Alabama action for lack of subject matter jurisdiction under § 30-3B-110.

### 2. Personal jurisdiction

Next, the mother challenges the circuit court's personal jurisdiction over her on the ground that service by publication was improper because the father remained in contact with her throughout the relevant period and knew her personal contact information. The mother points to an e-mail that the father sent her on October 22, 2024, and a series of text messages between her and the father sent between December 18, 2024, and September 12, 2025, that she contends demonstrate that the father knew her e-mail address and telephone number. She also contends that the father knew her mailing address, which she does not dispute was a post-office box.

The mother's argument assumes that, because the father had her personal contact information, he could have successfully served her without resorting to service by publication. However, none of the information that the mother contends the father knew would have been sufficient for him to determine her location or properly effect service of process. Rule 4(i), Ala. R. Civ. P., permits service of process by three methods, each of which requires knowledge of the defendant's location or the location of his or her residence: (1) delivery by a process server to the

29

defendant personally or to the defendant's residence; (2) delivery by certified mail; and (3) delivery by commercial carrier.

The mother does not identify any rule permitting service of process by telephone, text message, e-mail, or delivery to a post-office box. Further, she does not cite any authority supporting her contention that the father's knowledge of her personal contact information precluded him from resorting to service by publication even if he was not able to determine her residence with reasonable diligence. Accordingly, the mother's argument fails to comply with Rule 21(a)(1)(F), Ala. R. App. P. Accordingly, we refuse to consider that argument. Ex parte Showers, 812 So. 2d 277, 281 (Ala. 2001).

In her reply brief, the mother argues that the materials do not support a finding that she avoided service of process. Rule 4.3(c), Ala. R. Civ. P., provides, in relevant part, that "[t]he mere fact of failure of service is not sufficient evidence of avoidance, and the affidavit required in subdivision (d)(1) of this rule must aver specific facts of avoidance." Rule 4.3(d)(1) further provides that a plaintiff seeking service by publication must file an affidavit averring facts showing that the defendant avoided service of process. See Lovell v. Costigan, 185 So. 3d

30

1130 (Ala. Civ. App. 2015) (holding that service by publication was improper because the plaintiff's affidavit did not set forth facts showing avoidance of service). However, the mother did not raise this argument in her petition. Arguments pertaining to personal jurisdiction, unlike arguments pertaining to subject matter jurisdiction, are subject to waiver on appeal. Campbell v. Taylor, 159 So. 3d 4, 11 (Ala. 2014). Arguments made for the first time in a reply brief are waived. See Fogarty v. Southworth, 953 So. 2d 1225, 1232 (Ala. 2006). Accordingly, the mother waived her argument that the father did not aver that she avoided service of process.

For these reasons, the mother does not demonstrate that she is entitled to a writ of mandamus directing the circuit court to dismiss the Alabama action for lack of personal jurisdiction.

## Conclusion

Based on the foregoing, we grant the mother's petition in part and issue a writ of mandamus directing the circuit court to vacate its orders denying the mother's motions to dismiss for lack of subject matter jurisdiction under § 30-2-5 and under § 30-3B-201 of the UCCJEA. As explained above, we direct the circuit court to provide the father a

reasonable opportunity to present evidence regarding subject matter jurisdiction under those Code sections before ruling on the mother's motions to dismiss. We deny the mother's petition in all other respects.

The father's motion for limited relief from this court's order staying the proceedings below and the mother's motion to submit limited supplemental materials are denied.

PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.

Moore, P.J., and Edwards, Hanson, and Bowden, JJ., concur.